PIKES PEAK CO. v. PFUNTNER.

1. CORPORATIONS — OFFICERS AND DIRECTORS — FIDUCIARY RELA-
TIONS — PRINCIPAL AND AGENT — ACQUISITION OF ADVERSE IN-
TEREST BY FIDUCIARY.

One occupying a confidential and fiduciary relation to another
is held to the utmost fairness and honesty in dealing with
the party to whom he stands in that relation.

2. SAME — LANDLORD AND TENANT — TRUST RELATION OF CORPO-
RATE OFFICERS.

An officer, director, and stockholder of a corporation may not
acquire, without its knowledge and consent, a lease of lands
which it occupies as a tenant and desires to continue to lease,
so as to deprive the tenant of the expectancy of renewing
the lease, which naturally flows from the relation.

3. SAME.

A lease so acquired adversely to the interest of the beneficiary
by its agent or officer is held in trust for the corporation or
its assignee.

Appeal from Wayne; Rohnert, J.  Submitted June 16, 1909.  (Docket No. 109.)  Decided November 5, 1909.

Bill by the Pikes Peak Company against Charles H. Pfuntner and Jacob Beller to establish an interest in a lease.  From a decree for complainant, defendant Pfuntner appeals.  Affirmed.

*Herbert C. Munro*, for complainant.

*May & Dingeman*, for appellant.

The defendant Beller on November 1, 1901, leased to one Ingersoll a parcel of land situated near the Belle Isle bridge in the city of Detroit for 10 years at an annual rental of $1,500.  The lease was assigned to the Detroit Amusement Company.  That company constructed a roller coaster and other amusement appliances, and operated them until September, 1906, when the roller coaster was destroyed by fire.  The sole property of the company were the lease and the amusement appliances on the land. Defendant Pfuntner was a large stockholder, and from 1904 to October 15, 1906, was its general manager, secretary, and treasurer, a member of its board of directors, and a member of the executive committee, which was composed of three of the directors.  He paid the rent to Mr. Beller for the company.  The company had no funds with which to rebuild, and soon after was declared bankrupt.  Its property, consisting almost entirely of its lease, was sold by the receiver· in bankruptcy and conveyed to George Barbier.  In the property so sold and assigned was the following:

" One lease dated November 1, 1901, executed by Jacob Beller, as lessor, to Le Grand Ingersoll, as lessee, and assigned to Detroit Amusement Company, which lease expires November 1, 1911, and is recorded in the office of register of deeds for Wayne county in Liber 652 of Deeds at page 561.  Right to extend said lease for five years from November 1, 1911, at $175.00 per month, which extension was taken by Charles H. Pfuntner, when an offi-

cer of this corporation and for the benefit of said corporation by lease dated October 8, 1906, executed by Jacob Beller to Charles H. Pfuntner and recorded July 12, 1907, in the office of register of deeds for Wayne county in Liber 673 of Deeds at page 423; and all interests of said Detroit Amusement Company in said lease. The two leases above described cover land in Detroit, Michigan, described as lots 1, 2 and 3, Moses W. Field's subdivision of private claim 16."

Barbier assigned this lease to complainant, who is still occupying the premises and paying rent. The rent has been paid by the original lessee and his assigns.

On the 8th day of October, 1906, while Pfuntner was an officer and manager of the company, as above stated, he obtained from Mr. Beller a lease of the premises for five years from November 1, 1911; that being the time at which the first lease would expire. Pfuntner did not state to his employer or any of its officers his intention to lease the property at the expiration of the lease then in existence, and none of them were aware of his purpose. On the contrary, he intentionally concealed it from them. After obtaining this lease, Pfuntner sold out all his stock in the company. Upon learning that Pfuntner had obtained this lease, the directors held a meeting and passed a resolution reciting that Pfuntner had obtained the lease, declaring that he was at the time an agent of the company and acted in its behalf, and—

"Now, therefore, be it resolved that the Detroit Amusement Company declares that the said Charles H. Pfuntner, in the procuring of said lease, was the agent of this company, and acted in behalf of this company; that this company hereby ratifies and confirms the actions of its said agent, Charles H. Pfuntner, in obtaining a lease of said premises, and elects to treat and consider the said lease so obtained as the property of the Detroit Amusement Company, to the same extent as though the name of the Detroit Amusement Company were contained in said lease as lessee.

"And be it further resolved that a copy of this resolution be served upon Jacob Beller and Charles H. Pfuntner."

The complainant then filed this bill, praying that said lease be held to be the property of the complainant, as assignee of the Detroit Amusement Company, to the same extent as though named in the lease as lessee, and that the defendant be decreed to hold his lease as trustee for the company. The case was heard upon pleadings and proofs taken in open court, and decree entered for complainant. The decree also required complainant to give bond in the sum of $10,000 to Pfuntner as a guaranty against liability to Mr. Beller.

GRANT, J. (*after stating the facts*). The principles of law controlling this case are too well settled, both by authority and reason, to require much discussion. One occupying a confidential and fiduciary relation to another is held to the utmost fairness and honesty in dealing with the party to whom he stands in that relation. *Torrey* v. *Cement Co.*, *ante*, 348 (122 N. W. 614).

While it is true the tenant, in the absence of express agreement, has no enforceable right to renewal of the lease, yet it is natural that, other things being equal, the landlord would lease to his present tenant, and that the tenant would prefer to renew the lease. This expectancy is recognized by the law as a valuable asset belonging to the tenant. The law does not permit an agent, officer, or trusted employé to take it from the tenant to whom he owes the duty to protect and advance his interests. *Robinson* v. *Jewett*, 116 N. Y. 40 (22 N. E. 224), and the many cases cited; *Grumley* v. *Webb*, 44 Mo. 444 (100 Am. Dec. 304); *Keech* v. *Sanford*, 1 White & T. Lead. Cas. 62, note; *Davis* v. *Hamlin*, 108 Ill. 39 (48 Am. Rep. 541).

This is because of the wholesome rule that—

"Whenever one person is placed in such relation to another, by the act or consent of that other, or the act of a third person, or of the law, that he becomes interested for him or interested with him in any subject of property or business, he is prohibited from acquiring rights in that subject antagonistic to the person with whose interests he

has become associated. *Keech* v. *Sanford, supra.* Except with the full knowledge and consent of his principal, an agent authorized to buy for his principal cannot buy of himself. An agent authorized to sell cannot sell to himself. An agent authorized to buy or sell for his principal cannot buy or sell for himself; nor can an agent take advantage of the knowledge acquired of his principal's business to make profit for himself at his principal's expense. The same rule applies to leases and other similar transactions." Mechem's Outlines of Agency, § 148.

The same principle runs through the following cases in this court: *People* v. *Township Board of Overyssel*, 11 Mich. 222; *Kimball* v. *Ranney,* 122 Mich. 160 (80 N. W. 992, 46 L. R. A. 403, 80 Am. St. Rep. 548).

It is no defense for defendant Pfuntner that the company for which he was acting was involved in financial difficulties and was adjudicated a bankrupt. This expectancy belonged, not only to the tenant, but to those to whom the lease might be assigned. The original lessee and his assignees have continued to pay the rent, and the complainant, as we infer from the record, has rebuilt the structure at considerable expense. Pfuntner did not obtain this lease with the knowledge or consent of the party for which he was the agent, manager, and a director. It follows that he holds the lease in trust for complainant.

The decree is affirmed, with costs.

Blair, C. J., and Montgomery, McAlvay, and Brooke, JJ., concurred.