JOY OIL CO. *v.* FRUEHAUF TRAILER CO.

FRUEHAUF TRAILER CO. *v.* JOY OIL CO.

1. Replevin—Ownership—Admissions.

Ownership of two semitrailers involved in action of replevin *held*, to have been established in plaintiff where such was asserted in declaration, admitted in answer, again asserted in reply and in a separate action by defendant to recover for repairs thereto, ownership was alleged to be in the plaintiff in replevin and was again admitted to be in plaintiff at the pretrial hearing, hence claim, made on appeal, that plaintiff had failed to establish its ownership came too late.

2. Liens—Burden of Proof.

The burden of proving a lien rests on the one claiming it.

3. Automobiles — Repairs — Garage-Keeper's Lien — Burden of Proof.

Where it is shown that fire-damaged semitrailers were taken to replevin defendant by the plaintiff's lessee with the consent of plaintiff but the record fails to show plaintiff knew of or consented to defendant making repairs thereto, the defendant failed to sustain its burden of establishing a statutory garage-keeper's lien (1 Comp. Laws 1929, § 4793, as amended by Act No. 204, Pub. Acts 1941).

4. Liens—Common Law—Surrender of Possession.

One cannot claim a common-law lien after he has unconditionally surrendered up the property.

5. Same—Surrender of Possession Without Prejudice to Lien.

The holder of a lien may allow the owner of the property to take it into his possession and remove it without prejudice to the lien, if so agreed.

6. Same—Common Law—Continuity of Possession.

It is the duty of the claimant of a common-law lien upon property, to retain its possession, as far as the nature of the ar-

ticles will permit, and in order to protect innocent third persons' dealing with the owner of the property in relation thereto, there should be a continuous possession from such owner to claimant; and the change should be such as may be observed by such third persons.

7. SAME—DEMAND OF SECURITY—CLAIM OF LIEN.

A demand by one claiming a common-law lien, upon the owner of the property, made after his lien should have attached, of security for claimant's debt, is inconsistent with his claim of lien and shows his understanding to be that he had no lien.

8. AUTOMOBILES — REPAIRS TO SEMITRAILER — GARAGE KEEPER'S COMMON-LAW LIEN—WAIVER.

Garage keeper which returned tank semitrailers to lessee thereof, relying on being paid out of insurance coverage, and without any reservation, or circumstances showing a reservation that it retained a lien on them if not so paid, waived any common-law lien for repairs made, if it ever had one.

Appeal from Wayne; Chenot (James E.), J. Submitted October 8, 1947. (Docket Nos. 15, 16, Calendar Nos. 43,537, 43,538.) Decided December 3, 1947.

Replevin by Joy Oil Company against Fruehauf Trailer Company for possession of two trailers. Assumpsit by Fruehauf Trailer Company against Joy Oil Company for repair of same two trailers. Cases consolidated. Judgment for plaintiff for possession and damages in replevin case. Judgment for defendant in action by Fruehauf Trailer Company. Fruehauf Trailer Company appeals. Affirmed.

*Shapero & Shapero,* for Joy Oil Company.

*Butzel, Eaman, Long, Gust & Kennedy (Addison D. Connor,* of counsel), for Fruehauf Trailer Company.

Boyles, J.  Joy Oil Company, claiming the ownership of two tank semitrailers, filed a declaration in replevin against Fruehauf Trailer Company and Advance Petroleum Transport Company, alleging that these semitrailers were unlawfully detained from its possession by said defendants, and asked for a judgment of return and damages for unlawful detention.  Fruehauf Trailer Company answered claiming a lien upon the semitrailers for work, labor and services performed by it on said semitrailers upon the order of Advance Petroleum Transport, Inc., with the knowledge and consent of the plaintiff. With the answer, Fruehauf pleaded set-off, counterclaim and recoupment and asked for judgment 'for the repairs.  Issue was joined, and while the case was pending Fruehauf Trailer Company started suit by declaration against Joy Oil Company for the amount claimed to be due it for repairs on the two semitrailers involved.  Issue was joined on this suit also, and the two cases consolidated for trial before the court without a jury.  Testimony was taken, the court held that Fruehauf had not established a lien, that Joy Oil Company was not liable for the repairs, and gave Joy Oil Company judgment for possession and $793.34 damages for detention.  From the adverse judgments entered in favor of Joy Oil Company in the replevin case and dismissing Fruehauf Trailer Company's suit to recover from Joy Oil Company for the repairs, Fruehauf Trailer Company appeals.  For brevity, the Joy Oil Company will hereinafter be referred to as Joy Oil, Fruehauf Trailer Company will be referred to as Fruehauf, and Advance Petroleum Transport, Inc., as the Advance company.

In this Court the appellant claims for the first time, that Joy Oil failed to establish its ownership

of the semitrailers. The question was not raised in the court below, except by referring to it in a brief filed by appellant in support of a motion for a new trial; and the question was not raised in said motion. Joy Oil, in paragraph 1 of its declaration in replevin, alleged that it was the owner. Defendant Fruehauf in its answer denied paragraph 1 "except as hereinafter admitted." Later in its answer Fruehauf, "for further answer to plaintiff's declaration," affirmatively pleaded set-off, counterclaim and recoupment; and in so doing admitted that "plaintiff, Joy Oil Company, was the owner of two Heil semi-tank trailers," being the same semitrailers identified by serial numbers as the semitrailers here involved. By reply to this affirmative pleading, Joy Oil again asserted ownership by admitting the truth of the above allegation. Fruehauf in its declaration to recover its repair bills, alleged that Joy Oil was the owner of the semitrailers here involved. Joy Oil, answering that declaration, again admitted the truth of Fruehauf's allegation of its ownership. On the pretrial hearing before the pretrial judge, counsel for Fruehauf not only raised no question as to Joy Oil's ownership, but admitted that the replevin action by Joy Oil "to obtain possession of certain * * * trailers owned by them" was a correct statement. Again, on the opening statement by counsel at the trial, counsel for Joy Oil stated "They set up the lease, which shows we are the owners. They admit that. Is that right?," and counsel for Fruehauf stated on the record, "That is true."

In view of the above, Fruehauf is now bound by the pleadings, and by its repeated admissions at the pretrial hearing and at the trial. Its belated claim the Joy Oil failed to prove its ownership of the semitrailers now comes too late. Furthermore, it is

difficult to understand how Fruehauf, after suing Joy Oil for its repair bills on these semitrailers, could still insist that Joy Oil was not the owner of the semitrailers.

The question essential to decision is whether Fruehauf established that it had a lien on the two semitrailers, under the garage-keeper's lien law, Act No. 312, Pub. Acts 1915 (1 Comp. Laws 1929, § 4793), as last amended by Act No. 204, Pub. Acts 1941 (Comp. Laws Supp. 1945, § 4793, Stat. Ann. 1946 Cum. Supp. § 9.1711); or, if not a statutory lien, did Fruehauf have a lien at the common law. The above-cited statute provides that every garage keeper who shall furnish any labor, material or supplies shall have a lien upon any automobile or other motor-propelled vehicle supplied or repaired by him, for the proper charges due for repair thereof, and for supplies furnished or labor performed thereon at the request or with the consent of the registered owner of the license plates of said automobile or other motor-propelled vehicle, whether such owner be a conditional sale vendee or a mortgagor remaining in possession or otherwise.

Joy Oil leased the two semitrailers in question to the Advance company, and while in the possession of said lessee they were damaged by fire. The semitrailers were insured against fire loss. The Advance company took them to Fruehauf and requested Fruehauf to repair the damage. The Advance company had no credit rating with Fruehauf, represented that the semitrailers were covered by insurance and that the insurance company would pay for the repairs. Fruehauf took the two semitrailers, repaired them, and charged the repair bills to the Advance company with the notation "insurance;" and after the repairs were made returned the semitrailers to the Advance company, relying

upon insurance for payment of its bills. It made no reservation of any lien. When the Advance company later found itself insolvent, and the insurance company refused to pay the repair bills without an application from its insured, the Advance company returned the semitrailers to Fruehauf in order that Fruehauf might look elsewhere for payment. There was nothing said between Fruehauf and the Advance company, at any time, to the effect that Fruehauf claimed or reserved a lien on the semitrailers for its repair bills.

The burden of proving a lien rests on the one claiming it—Fruehauf. There is no direct proof that the repairs were made at the request or with the consent of Joy Oil. There is no proof to support Fruehauf's assertion that the Advance company, the lessee, was acting as the agent of Joy Oil. The proofs show that the semitrailers were taken to Fruehauf by the Advance company with the consent of Joy Oil, but the record fails to show that Joy Oil knew of or consented to Fruehauf making the repairs. We must conclude that Fruehauf, in failing to prove that the repairs were made at the request of or with the consent of Joy Oil, has not sustained the burden of establishing a statutory garage-keeper's lien. The trial court, hearing the matter without a jury, so found, and the proofs do not clearly preponderate in the opposite direction.

Does Fruehauf have a common-law lien on the semitrailers? Appellant, in claiming that common-law liens are recognized in this State, relies on *Gardner* v. *Le Fevre*, 180 Mich. 219 (Ann. Cas. 1916 A, 618), decided in 1914, at a time when there was no act providing specially for a garage-keeper's lien. In that case the Court recognized the right of a garage mechanic to a lien on an automobile for repairs, under 3 Comp. Laws 1897, § 10747 (5 How. Stat.

[2d Ed.], § 13805), now found as 3 Comp. Laws 1929, § 13187 (Stat. Ann. § 26.402), the general mechanic's lien law. The decision is based on a statutory lien, not on any claim of a common-law lien. The reference by way of dictum therein to the effect that a lien would exist at common law upon a tire *for its value* obviously has no application to the facts in the case at bar.

When Fruehauf received the two semitrailers from the Advance company, it relied on insurance coverage for payment for its repairs. The Advance company being on a cash basis with Fruehauf, the repairs were charged to the Advance company with the notation "insurance." After the repairs were made Fruehauf returned the semitrailers to the Advance company, without any reservation or understanding that it claimed a lien on the semitrailers. When the Advance company found itself insolvent, it returned the semitrailers to Fruehauf in order that Fruehauf might look elsewhere for payment. Fruehauf relied on insurance coverage for the repairs—in fact it is apparent from the briefs that it still does so, in addition to now claiming a lien.

Fruehauf cannot successfully claim a common-law lien after the property was unconditionally surrendered up to the Advance company. If a common-law lien exists in this State it is lost upon an unconditional surrender of the property. The two semitrailers were returned to the Advance company in reliance on Fruehauf being paid out of insurance coverage. They were not conditionally released, to be returned to Fruehauf within the 90-day period to re-establish a statutory garage-keeper's lien in case the insurance company failed to pay. If Fruehauf ever had a common-law lien, it was lost upon surrender of the property.

"The more important allegations of error relate to the rulings of the court as to what circumstances would relieve defendants from responsibility for the result of the replevin suit, and discharge them from any lien which may have existed. And several of the charges and refusals complained of are connected with the alleged waiver of the lien, by allowing the lumber to be shipped to Welch & Company.

"The court below held that any delivery of the lumber by Eames to Welch & Company would discharge the lien, unless preserved by agreement, and that no such agreement would bind defendants or sustain the lien, so far as their responsibility to discharge or defend against it was concerned, unless made with their consent or ratification. * * * It is quite uniformly held that an unconditional surrender of possession, or conduct showing a design to discharge the lien, or plainly inconsistent with it, will usually put an end to it. But it seems equally clear that the holder of the lien may allow the owner of the property to take it into his possession and remove it without prejudice to the lien, *if so agreed. Wheeler* v. *M'Farland,* 10 Wend. (N. Y.) 318." *De-Witt* v. *Prescott,* 51 Mich. 298, 303, 304.

"It is the duty of the claimant of a common-law lien upon property, to retain its possession, as far as the nature of the articles will permit, and in order to protect innocent third persons dealing with the owner of the property in relation thereto, there should be a continuous possession from such owner to claimant; and the change should be such as may be observed by such third persons.

"A demand by such claimant, upon the owner of the property, made after his lien should have attached according to his testimony, to secure him for his debt, is inconsistent with his claim of a lien, and shows that his own understanding was that he had no lien." *Smith* v. *Greenop* (syllabi), 60 Mich. 61.

See, also, *Kert* v. *Endelman,* 202 Mich. 289.

When Fruehauf returned the semitrailers to the Advance company, relying on being paid out of insurance coverage, and without any reservation, or circumstances showing a reservation that it retained a lien on the semitrailers if not so paid, it waived any common-law lien, if it ever had one.

For the reasons stated above, Fruehauf has failed to prove a statutory garage-keeper's lien or a common-law lien on the semitrailers, and the findings of the trial court to that effect are affirmed. Other questions raised in the briefs, including the equities in appellant's claim, have been considered but in view of our conclusion that Fruehauf has failed to prove any lien need not be discussed.

Affirmed, with costs to appellee.

CARR, C. J., and BUSHNELL, SHARPE, REID, NORTH, and DETHMERS, JJ., concurred. BUTZEL, J., did not sit.