SOUTH MACOMB DISPOSAL AUTHORITY v MICHIGAN
MUNICIPAL RISK MANAGEMENT AUTHORITY

Docket No. 152012. Submitted April 6, 1994, at Detroit. Decided
August 22, 1994; approved for publication November 18, 1994,
at 9:00 A.M.

South Macomb Disposal Authority brought an action in the
Wayne Circuit Court against Michigan Municipal Risk Manage-
ment Authority, seeking loss protection under a joint exercise
of power agreement. The plaintiff had been sued for damages
resulting from surface and groundwater contamination caused
by discharges from two of its landfill sites. The agreement
between the plaintiff and the defendant provided that the
defendant would pay damages for which the plaintiff became
legally obligated to pay as a result of "[o]ccurences . . . for . . .
[p]roperty damage," but further provided that "[s]uch payment
shall not include occurrences resulting from . . . contaminants
or pollutants liability." The trial court, James R. Chylinski, J.,
granted summary disposition for the defendant. The plaintiff
appealed.

The Court of Appeals *held:*

1. Because there is nothing in the record to support a finding
that the defendant's failure to respond to the plaintiff's notice
of requested coverage caused the plaintiff to act to its own
disadvantage, there was no estoppel by silence such as would
waive the defendant's defenses under the agreement.

2. The joint exercise of power agreement provides loss protec-
tion similar to an insurance policy and, accordingly, should be
construed using the same rules of judicial construction that are
applicable to the construction of insurance contracts.

3. The language of the joint exercise of power agreement can
be interpreted to have only one meaning: the exclusion bars
payment for any liability resulting from occurrences of contam-
ination or pollution.

4. Because the parol evidence considered by the trial court
was not inconsistent with the agreement, the court properly
considered that evidence in interpreting the agreement.

Affirmed.

*Dykema Gossett* (by *Roger K. Timm, John A. Ferroli* and *Ava K. Ortner*), for the plaintiff.

*Edick and Esper, P.C.* (by *Robert E. Edick*), for the defendant.

Before: GRIBBS, P.J., and WEAVER and R. P. HATHAWAY,* JJ.

PER CURIAM. Plaintiff disposes of municipal waste collected by municipalities in Macomb County. In July 1983, residents brought suit against plaintiff, alleging that the surface and groundwater in the vicinity of two of plaintiff's landfill sites were contaminated by discharges from the sites. Through a "joint exercise of power agreement" (JEPA) entered into between defendant and plaintiff, defendant provided plaintiff with loss protection similar to an insurance policy. Because of the contamination suit, plaintiff sought loss protection from defendant pursuant to the JEPA. Defendant denied coverage and plaintiff brought the instant action seeking loss protection coverage from defendant. The court granted defendant's motion for summary disposition. Plaintiff now appeals as of right. We affirm.

I

Plaintiff argues that defendant had waived any coverage defenses because defendant failed to respond to plaintiff's notice that it sought coverage.

In order for defendant to waive its rights against plaintiff, it must have intentionally and knowingly relinquished those rights. *Commercial Union Ins Co v Medical Protective Co,* 136 Mich App 412; 356 NW2d 648 (1984). The record does not show that defendant did so.

* Circuit judge, sitting on the Court of Appeals by assignment.

For estoppel by silence, the party standing by and concealing its rights must have, by its conduct, shown such gross negligence as to have encouraged or influenced the opposite party, who was wholly ignorant of its adversary's claim, to act to the latter's disadvantage. An essential element of estoppel is that a party knowingly permitted the opposite party to act to its own disadvantage. *Id.* Again the record simply does not support this standard. We find the court did not err in denying plaintiff's motion for partial summary disposition on this ground.

## II

Defendant had agreed to provide loss protection to plaintiff for comprehensive liability. Appendix B of the JEPA provides that defendant will pay for damages for which members become legally obligated to pay as a result of "[o]ccurrences happening during the period of membership . . . for . . . [p]roperty damages including physical injury to or destruction of tangible property including any resulting loss of use . . . ." Appendix B also includes a pollution exclusion: "Such payment shall not include occurrences resulting from the following: 1) Contaminants or pollutants liability." The court found that this exclusion precluded coverage.

Occurrence is defined in the JEPA as "an event, or a continuous or repeated exposure to conditions, which causes damages . . . ." The parties' arguments focus on whether this clause excludes coverage for plaintiff's claims, which are based on groundwater contamination resulting from leaking at the landfill sites.

Construction of insurance contract language requires the courts to give the language its ordinary and plain meaning and avoid technical and

strained constructions. *Hawkeye-Security Ins Co v Vector Construction Co,* 185 Mich App 369; 460 NW2d 329 (1990). If, in light of the entire contract, the language can be reasonably understood in differing ways, the ambiguity is to be liberally construed against the insurer. *Id.* If a contract, even though inartfully worded or clumsily arranged, fairly admits of but one interpretation, it may not be said to be ambiguous. *Raska v Farm Bureau Mutual Ins Co of Michigan,* 412 Mich 355; 314 NW2d 440 (1982).

The language of the exclusion fairly can be interpreted to arrive at only one meaning: the exclusion bars coverage for any liability resulting from contaminant or pollution occurrences. The only reasonable interpretation of the clause is that put forth by defendant.

Plaintiff also contends the court improperly considered extrinsic evidence to aid it in interpreting this clause. The parol evidence considered by the lower court was not inconsistent with the agreement, and such evidence could properly be considered. *Union Oil Co of California v Newton,* 397 Mich 486; 245 NW2d 11 (1976).

Plaintiff asserts defendant failed to express clearly the exclusion. We find the JEPA clearly stated and properly titled the exception. *Fragner v American Community Mutual Ins Co,* 199 Mich App 537; 502 NW2d 350 (1993).

III

The other assignments of error raised by plaintiff are moot in light of our ruling in § II.

We affirm.