ANGOTT v CHUBB GROUP OF INSURANCE COMPANIES

Docket No. 258026. Submitted March 8, 2006, at Grand Rapids. Decided April 4, 2006, at 9:00 a.m. Leave to appeal sought.

John Angott brought an action in the Emmet Circuit Court against the Chubb Group of Insurance Companies and Great Northern Insurance Company, seeking insurance benefits for property damage to his home. Chubb Group was dismissed by the parties' stipulation. Following its answer, Great Northern, the remaining defendant, demanded that the matter be submitted for appraisal pursuant to MCL 500.2833(1)(m). After appraisal, the defendant paid the plaintiff a portion of the appraisal award and then moved to modify the award, arguing that the award included amounts for property damage that was not covered by the homeowner's insurance policy. The plaintiff moved for entry of a judgment in the amount of the appraisal award and for pre- and postjudgment interest. The court, Charles W. Johnson, J., (1) granted the defendant's motion to modify the appraisal award, (2) granted the defendant summary disposition with respect to the plaintiff's request for penalty interest under MCL 500.2006, (3) denied the plaintiff prejudgment interest, (4) entered judgment for the plaintiff in the amount of the modified appraisal award, and (5) awarded costs to the plaintiff. The defendant appealed, and the plaintiff cross-appealed. The plaintiff subsequently died, and the Court of Appeals authorized the substitution of Theresa Kilby, personal representative of his estate, as the plaintiff.

The Court of Appeals *held*:

1. The trial court must be reversed, and the case must be remanded. On remand, the trial court must enter a money judgment in the plaintiff's favor consistent with the appraisal award. By its answer, affirmative defenses, and demand for and pursuit of an appraisal, the defendant conceded coverage under the policy. The defendant is bound by its pleadings. It thus waived any claim that the plaintiff was not entitled to some of the requested insurance benefits and any coverage-based challenge of the appraisal award. Judicial review of an appraisal award is limited to instances of bad faith, fraud, misconduct, or manifest mistake, none of which is apparent here.

2. The plaintiff may be entitled to penalty interest, which the trial court must calculate on remand. MCL 500.2006 provides for penalty interest if an insurer fails to pay claims on a timely basis, unless the claim is reasonably in dispute. In this case, there was clearly a dispute about the amount of damage. The fact that a portion of an insurance claim is reasonably in dispute, however, does not mean that an award of penalty interest is altogether precluded. It is clear from the record that the defendant knew that some benefits were due under the policy. The defendant, in fact, paid the plaintiff an amount under the policy ten months after the complaint was filed, and the defendant's appraiser set a value to the claim. For an insurer to escape without paying any penalty interest, the entire claim, rather than portions of the claim, must be in reasonable dispute. Any other rule would allow an insurer to withhold all payment without penalty, even if only a very small fraction of the amount claimed was in reasonable dispute. If some portions of the claim, properly presented, are beyond reasonable dispute, timely payment must be made to that extent to avoid penalty interest, leaving the reasonably disputed portions subject to later resolution without application of penalty interest. Penalty interest under MCL 500.2006(4) begins to accrue 60 days after the submission of a satisfactory proof of loss. If the trial court determines that the plaintiff failed to supply a satisfactory proof of loss with regard to a portion of the claim, however, the court may still award penalty interest under MCL 500.2006(3) if there was a satisfactory proof of loss with respect to a separate portion of the claim or if the defendant did not properly reject the proof of loss in writing.

3. The plaintiff is entitled to prejudgment interest pursuant to MCL 600.6013, which provides for interest on money judgments in civil actions. The trial court entered a money judgment for the plaintiff in this civil action, and on remand must enter an additional money judgment for the plaintiff for the full amount of the appraisal award.

4. The plaintiff is the prevailing party and is entitled to costs under MCR 2.625. The plaintiff's position was improved by the litigation. Pursuant to the holding on appeal, the plaintiff will receive approximately 77 percent of the original claim, including the possibility of penalty interest, while the defendant had paid the plaintiff nothing when the complaint was filed.

Reversed and remanded.

INSURANCE — TIMELY PAYMENT OF BENEFITS — INTEREST.

The Uniform Trade Practices Act provides for penalty interest if an insurer fails to pay a claim on a timely basis, unless the claim is reasonably in dispute; for an insurer to avoid paying any penalty

interest under the act, the entire claim, rather than portions of the claim, must be in dispute, that is, the insurer must reasonably argue that no payment is due under the policy; if some portions of a claim, properly presented by the insured, are beyond reasonable dispute, the insurer must make timely payment to that extent to avoid penalty interest, leaving the reasonably disputed portions of the claim subject to later resolution without application of penalty interest (MCL 500.2006).

*John P. Jacobs, P.C.* (by *John P. Jacobs* and *Lincoln G. Herweyer*), for Theresa Kilby.

*Gregory and Meyer, P.C.* (by *Alan G. Gregory* and *Paul J. Ellison*), for Great Northern Insurance Company.

Before: MURPHY, P.J., and WHITE and METER, JJ.

MURPHY, P.J. Plaintiff[1] appeals as of right and defendant[2] cross-appeals a final order entered by the trial court that addressed issues of appraisal modification, penalty interest, prejudgment interest, and costs. We hold that defendant waived any claim that plaintiff was not entitled to some of the requested insurance benefits for lack of coverage when it conceded coverage in the pleadings and demanded and pursued an appraisal, thereby also waiving any coverage-based challenge of the appraisal award. Further, we hold that plaintiff may be entitled to penalty interest, MCL 500.2006, and is entitled to prejudgment interest, MCL 600.6013. Finally, we hold that plaintiff is entitled to costs as the prevailing party. We reverse and remand.

---

[1] We use the term "plaintiff" to refer either to plaintiff or the personal representative of plaintiff's estate as is appropriate in context.

[2] The trial court dismissed with prejudice Chubb Group of Insurance Companies pursuant to the parties' stipulation. Thus, we use the term "defendant" to refer simply to defendant Great Northern Insurance Company.

Plaintiff purchased an insurance policy from defendant that included "Deluxe House Coverage" and "extended replacement cost." Plaintiff's home has approximately 8,500 square feet and was built on a hill that inclines toward Lake Michigan. In December 2000, plaintiff returned from a vacation to find that water pipes had burst and the escaping water had collected under the lowest floor of the house. Plaintiff mailed defendant a sworn statement in proof of loss concerning the damage, which defendant rejected. On December 14, 2001, plaintiff, having received no payment under the policy, filed a complaint against defendant seeking insurance benefits to cover the claimed damage. In April 2002, the land on the western side of plaintiff's property collapsed and subsided downhill toward Lake Michigan. On May 21, 2002, defendant filed an answer to plaintiff's complaint and demanded that the matter be submitted to an appraisal panel pursuant to MCL 500.2833(1)(m). Before an appraisal panel was convened, defendant finally made an initial payment of benefits to plaintiff in the amount of $300,000. Pursuant to the parties' stipulation, they convened an appraisal panel and the parties' attorneys coauthored a letter informing the panel that it was only to consider the loss and damage caused by the December 2000 broken water pipes. The appraisal panel awarded plaintiff $1,058,750 in damages.

Within 60 days of the appraisal award, defendant paid plaintiff $242,795, which represented the amount of the appraisal award minus the amount of the advance payment and disputed portions of the appraisal award. Defendant subsequently filed a motion to modify the appraisal award, arguing that the award included amounts for property damage that was not covered by the insurance policy. Plaintiff filed a motion to enter judgment in the amount of the appraisal award and

requested pre- and postjudgment interest. The court issued a final order granting defendant's motion to modify the appraisal award; granting defendant's motion for summary disposition with respect to plaintiff's request for statutory penalty interest pursuant to the Uniform Trade Practices Act (UTPA), MCL 500.2001 *et seq.*; denying plaintiff's request for statutory prejudgment interest pursuant to MCL 600.6013; entering judgment in favor of plaintiff for the amount of the modified appraisal award; and allowing plaintiff taxable costs.

### THE APPRAISAL AWARD

Plaintiff's first argument on appeal is that the court erred by modifying the appraisal award. Specifically, plaintiff argues that defendant should have been precluded from disputing coverage because defendant waived the argument or was estopped from making the argument, that the court did not have authority to review the appraisal award, that the court misinterpreted the insurance policy, and that plaintiff should have been awarded consequential and incidental damages arising from the breach of contract claim equal to the full appraisal award even if coverage was limited. We hold that defendant waived any claim that plaintiff was not entitled to some of the requested insurance benefits for lack of coverage when it conceded coverage in the pleadings and demanded and pursued an appraisal, thereby also waiving any coverage-based challenge of the appraisal award. Therefore, on remand, the trial court is to enter a money judgment in favor of plaintiff consistent with the appraisal award.

"[T]he question of what constitutes a waiver is a question of law." *MacInnes v MacInnes*, 260 Mich App 280, 283; 677 NW2d 889 (2004). The issue is thus

reviewed de novo by this Court. *Id.* "In order for defendant to waive its rights against plaintiff, it must have intentionally and knowingly relinquished those rights." *South Macomb Disposal Auth v Michigan Muni Risk Mgt Auth,* 207 Mich App 475, 476; 526 NW2d 3 (1994). "It necessarily follows that conduct that does not express any intent to relinquish a known right is not a waiver, and a waiver cannot be inferred by mere silence." *Moore v First Security Cas Co,* 224 Mich App 370, 376; 568 NW2d 841 (1997). Waiver may be shown by proof of express language of agreement or inferably established by such declaration, act, and conduct of the party against whom it is claimed. *H J Tucker & Assoc, Inc v Allied Chucker & Engineering Co,* 234 Mich App 550, 564; 595 NW2d 176 (1999). In the context of the court rules, "[a] defense not asserted in the responsive pleading or by motion [before filing a responsive pleading] . . . is waived . . . ." MCR 2.111(F)(2). Moreover, a party is bound by its pleadings. *Joy Oil Co v Fruehauf Trailer Co,* 319 Mich 277, 280; 29 NW2d 691 (1947); *Emerson v Atwater,* 12 Mich 314, 316 (1864) ("Pleadings would avail little or nothing if parties were not bound by them.").

Defendant argues that land stabilization costs, except for ten percent of those costs, and landscape replacement costs were included in the appraisal award, but those items were not covered under the insurance policy and should not have been included in the award. In the sworn statement in proof of loss, the amount claimed by plaintiff was $1,368,518, which arguably included costs defined as land stabilization costs, along with landscape replacement costs. The claim was rejected, ostensibly because more detailed information and documentation was needed from plaintiff and further investigation was necessary to determine coverage under the policy. The rejection letter also provided that

defendant reserved all rights and defenses under the policy. Thus, at this time, there was no waiver regarding coverage issues and defenses. Subsequently, however, plaintiff filed the complaint, and two of the paragraphs in it provided:

10. That this action for declaratory relief is brought pursuant to the statutes and court rules provided for the court to make a determination of the rights and remedies of the parties.

\* \* \*

27. That this court has the authority and is requested to declare the rights and remedies of the parties to said insurance contract.

In defendant's answer, it responded to these allegations as follows:

10. This cause of action is moot for the reason that a coverage decision has been made by Great Northern Insurance Company affording coverage for the property damage caused by the pipe break in December 2000.

\* \* \*

27. Denies for the reason that the coverage issue is moot. Coverage has been afforded; only damages are at issue which are subject to the appraisal provisions of MCLA 500.2833.

Moreover, as part of its affirmative defenses, defendant stated:

6. That the only issue remaining concerns the amount of damages; that any dispute between the insured and the insurer are subject to the appraisal provisions of the policy and MCLA 500.2833; that the jurisdiction of this Court is limited to appointment of an Umpire if the appraisers selected by the parties cannot agree on an Umpire.

7. That Defendant hereby demands appraisal pursuant
to the policy and MCLA 500.2833 . . . .

The only reasonable interpretation of defendant's answer and affirmative defenses is that coverage matters were not, or were no longer, at issue. There is no limiting language with respect to defendant's statements in the responsive pleadings that it was affording coverage. To the contrary, defendant's response in its answer to paragraph 10 of plaintiff's complaint expressly indicated that it was "affording coverage for the property damage caused by the pipe break in December 2000." Defendant conceded coverage and was bound by the position taken in its pleadings. When reading defendant's responses to paragraphs 10 and 27 of the complaint, which paragraphs requested that the court render a determination of the parties' rights and remedies, defendant makes clear that court intervention, or the exercise of the court's jurisdiction, was unnecessary and was indeed improper, except possibly in regard to issues concerning the selection of an umpire in the appraisal process. Defendant did not want the trial court to settle the dispute, but, rather, the appraisers, and defendant, in response to paragraph 27, clearly and unambiguously stated that *only* damages were at issue and that issue was subject to the appraisal process. That being said, defendant acknowledges, accepts, and vehemently argues that coverage issues are solely within the purview of the trial court, not the appraisers. Therefore, by indicating that the court should not be involved with the case and that the appraisal process was the only appropriate avenue for relief, defendant was necessarily conceding that there were no coverage issues to be judicially resolved. The issue of coverage under the policy was waived. Only after the appraisal and dissatisfaction with the appraisal award did defendant appear to recognize that there may be coverage

issues, and belatedly, nearly 16 months into the litigation, defendant made coverage an issue. While defendant's answer to plaintiff's amended complaint finally asserted that coverage issues were not entirely moot because there was a dispute regarding whether some of the items of loss were covered under the policy, this argument came after the breach of contract claim had been submitted for appraisal, after an appraisal award had been issued, and after plaintiff had incurred costs and made construction decisions relative to repairs. Defendant's untimely assertion of coverage issues rendered its argument irrelevant at that point.

Judicial review of an appraisal award is limited to instances of "bad faith, fraud, misconduct, or manifest mistake." *Auto-Owners Ins Co v Kwaiser*, 190 Mich App 482, 486; 476 NW2d 467 (1991). The *Kwaiser* panel found that the issue of an insurance policy's coverage is for the court to decide, not the appraisers. *Id.* at 487. Additionally, "[w]here the parties cannot agree on coverage, a court is to determine coverage in a declaratory action before an appraisal of the damage to the property." *Id.*[3]

In October 2002, the parties stipulated that the breach of contract claim would be submitted for appraisal under MCL 500.2833(1)(m). By demanding an appraisal and failing to seek court intervention to determine coverage issues before the appraisal, and considering defendant's concessions in the answer and affirmative defenses cited above, defendant became bound by the appraisal award absent bad faith, fraud, misconduct, or manifest mistake, and it waived a

---

[3] In *Kwaiser, supra* at 487, this Court remanded the action for a determination of the policy's coverage by the trial court, thus suggesting that coverage issues could still be subject to a court ruling even after the appraisal. However, there is no indication in *Kwaiser* that Auto-Owners conceded coverage or waived a coverage defense.

coverage-based challenge of the appraisal award. There was no claim of bad faith or fraud, and, to the extent that defendant maintains misconduct or mistake on the part of the appraisers by the alleged inclusion of damages or amounts related to the April 2002 land collapse, the umpire and the plaintiff's appraiser averred and testified that their calculations were based on the damage caused by the burst water pipes, not the events of April 2002.[4] MCL 500.2833(1)(m) makes clear that the appraisers shall set the amount of the loss to be paid, and that was accomplished here by way of defendant's appraisal demand and agreement. The award must be enforced without consideration of coverage claims in light of defendant's position as reflected in the answer, affirmative defenses, and its course of conduct leading up to the appraisal process. Accordingly, on remand, the trial court is directed to enter a money judgment in favor of plaintiff consistent with the appraisal award.

### UNIFORM TRADE PRACTICES ACT, MCL 500.2006

Plaintiff next contends that the court erred by granting defendant's motion for summary disposition of his

---

[4] We note that a March 17, 2003, letter sent to the appraisers and signed by counsel for both parties advised the appraisers "that both parties agree that only the loss and damages caused by the December 2000 broken water pipes are the subject of the appraisal proceedings." Not only does this letter direct the appraisers to limit the scope of any award by not including the 2002 event, it reiterates defendant's position that damage caused by the broken water pipes was to be determined by the appraiser without any indication that the determination should be limited on the basis of policy language or exclusions. Defendant's chosen appraiser asserted that he considered coverage issues in setting a value, but there is no indication in his deposition testimony or affidavit that he or the other appraisers were ever directed by the parties to consider coverage issues. The umpire testified that he understood that it was not the appraisers' duty to interpret the policy and make coverage determinations; rather, the appraisers were simply to determine costs and damage regardless of the policy.

claim for statutory penalty interest pursuant to MCL 500.2006. This Court reviews de novo the grant or denial of a motion for summary disposition. *Devillers v Auto Club Ins Ass'n*, 473 Mich 562, 567; 702 NW2d 539 (2005). Questions of statutory interpretation are also reviewed de novo. *Roberts v Mecosta Co Gen Hosp*, 466 Mich 57, 62; 642 NW2d 663 (2002). A motion for summary disposition pursuant to MCR 2.116(C)(10) tests the factual sufficiency of the complaint. *Corley v Detroit Bd of Ed*, 470 Mich 274, 278; 681 NW2d 342 (2004), citing *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999). When deciding a motion for summary disposition pursuant to MCR 2.116(C)(10), a court must consider the pleadings, affidavits, depositions, admissions, and other evidence submitted in the light most favorable to the nonmoving party. *SPECT Imaging, Inc v Allstate Ins Co*, 246 Mich App 568, 573-574; 633 NW2d 461 (2001), citing *Maiden, supra* at 120.

The question before the trial court was whether plaintiff was entitled to penalty interest pursuant to MCL 500.2006. The primary goal of judicial interpretation of statutes is to ascertain and give effect to the intent of the Legislature. *Neal v Wilkes*, 470 Mich 661, 665; 685 NW2d 648 (2004). "Statutory language should be construed reasonably, keeping in mind the purpose of the act." *People v Spann*, 250 Mich App 527, 530; 655 NW2d 251 (2002), aff'd 469 Mich 904 (2003). "If the statutory language is clear and unambiguous, judicial construction is neither required nor permitted, and courts must apply the statute as written." *USAA Ins Co v Houston Gen Ins Co*, 220 Mich App 386, 389; 559 NW2d 98 (1996). Nothing will be read into a clear statute that is not within the manifest intent of the Legislature as derived from the language of the statute itself. *Roberts, supra* at 63.

MCL 500.2006 provides, in relevant part:

(1) A person must pay on a timely basis to its insured . . . the benefits provided under the terms of its policy, or, in the alternative, the person must pay to its insured . . . 12% interest, as provided in subsection (4), on claims not paid on a timely basis. Failure to pay claims on a timely basis or to pay interest on claims as provided in subsection (4) is an unfair trade practice unless the claim is reasonably in dispute.

* * *

(3) An insurer shall specify in writing the materials that constitute a satisfactory proof of loss not later than 30 days after receipt of a claim unless the claim is settled within the 30 days. If proof of loss is not supplied as to the entire claim, the amount supported by proof of loss shall be considered paid on a timely basis if paid within 60 days after receipt of proof of loss by the insurer. . . .

(4) If benefits are not paid on a timely basis the benefits paid shall bear simple interest from a date 60 days after satisfactory proof of loss was received by the insurer at the rate of 12% per annum, if the claimant is the insured or an individual or entity directly entitled to benefits under the insured's contract of insurance. If the claimant is a third party tort claimant, then the benefits paid shall bear interest from a date 60 days after satisfactory proof of loss was received by the insurer at the rate of 12% per annum if the liability of the insurer for the claim is not reasonably in dispute, the insurer has refused payment in bad faith and the bad faith was determined by a court of law.

As stated above, plaintiff sent defendant a sworn statement in proof of loss, which included an explanation of the event that caused the loss and various estimates to fix the damage and which included detailed itemized lists of costs. In response, defendant rejected plaintiff's sworn statement in proof of loss because defendant found it unsatisfactory and because defen-

dant needed additional time to investigate and review in order "to determine the extent, if any, of coverage and the applicability of any policy terms, limitations or exclusions." Defendant explained that the "whole loss and damage" and "amount claimed" were not set forth with finality, and it required more detailed figures.[5] Therefore, at the time of these communications, there was no agreement regarding the amount of damage or coverage. There is no indication in the record that the parties ever agreed on the total amount of loss before sending the issue to the appraisal panel; however, as reflected in our ruling concerning waiver of coverage arguments, there was no dispute, reasonable or otherwise, with respect to coverage when defendant filed its answer and affirmative defenses.

From the various figures submitted before and during the appraisal process, it is obvious that there was disagreement about the amount of damage. For example, plaintiff's statement of loss claimed $1,368,518, plaintiff's appraiser appraised the loss at $1,270,500, defendant's appraiser set the value of the claim at $474,760,[6] and the actual appraisal award was for $1,058,750. Therefore, there was clearly a dispute among the parties involved about the amount of damage. Those amounts, however, that included land stabilization and landscape replacement costs were not in reasonable dispute beginning with the date that defendant filed its initial pleadings, but limited to the extent that these amounts were based solely on the coverage issue and not the particular dollar costs attributed to

---

[5] The rejection letter states, "You have not specified all of the damages you claim nor are the damages supported by detailed estimates, bills, receipts etc." The letter proceeds to state that defendant "will need to reinspect the property once we have received all detailed damages estimates to review costs and scope of proposed repairs."

[6] This valuation was influenced by coverage issues.

the repairs and replacement items. Costs and amounts claimed, other than those related purely to the coverage issues, may have been in reasonable dispute to some extent, although clearly not all these amounts were subject to reasonable dispute. Defendant never contended that nothing was owed under the policy. We do conclude that there was a reasonable dispute regarding the costs associated with land stabilization and landscape replacement for the period before the filing of the answer and affirmative defenses, even assuming that plaintiff submitted a satisfactory proof of loss. For reasons expressed later in this opinion, the fact that a portion of an insurance claim is reasonably in dispute does not mean that an award of penalty interest is altogether precluded.

Plaintiff argues that this Court should adhere to the Michigan Supreme Court's reasoning in *Yaldo v North Pointe Ins Co*, 457 Mich 341; 578 NW2d 274 (1998). The issue before the Court in *Yaldo* was whether MCL 600.6013(5) or (6) applied "on a judgment for plaintiff because of defendant's failure to pay plaintiff's claim under an insurance contract." *Yaldo, supra* at 343. After concluding that an insurance policy is a written instrument, and therefore the MCL 600.6013(5) was the subsection relevant to the issue before the Court, the Court responded to the defendant's argument that "including insurance policies under the definition of 'written instrument' would nullify MCL 500.2006(4) . . . ." *Id.* at 345-347. In a footnote, the Court stated:

> Defendant's claim that our holding would negate the "reasonably in dispute" language of MCL 500.2006(4); MSA 24.12006(4) is based on a misreading of the statute. Its express terms indicate that the language applies only to third-party tort claimants. Where the action is based solely

on contract, the insurance company can be penalized with twelve percent interest, even if the claim is reasonably in dispute. [*Id.* at 348 n 4.]

Accordingly, plaintiff argues that, pursuant to *Yaldo*, this Court should hold that plaintiff is entitled to penalty interest even if the claim was reasonably in dispute.

In *Arco Industries Corp v American Motorists Ins Co (On Second Remand, On Rehearing)*, 233 Mich App 143, 147-148; 594 NW2d 74 (1998), aff'd by equal division 462 Mich 896 (2000), this Court stated:

> Upon further review, we conclude that the *Yaldo* majority's interpretation of MCL 500.2006(4); MSA 24.12006(4) was dictum. At issue in *Yaldo* was the interpretation and application of the judgment interest statute, MCL 600.6013; MSA 27A.6013, and not the penalty interest statute. It is a well-settled rule that statements concerning a principle of law not essential to determination of the case are obiter dictum and lack the force of an adjudication. The portion of the *Yaldo* majority opinion discussing MCL 500.2006(4); MSA 24.12006(4) was not necessary to its decision of the issue before the Court and must therefore be regarded as merely dictum that is not binding on this Court. Accordingly, *Yaldo* did not establish a rule of law with regard to the interpretation of MCL 500.2006(4); MSA 24.12006(4). [Citations omitted.]

This Court further noted, "The purpose of the penalty interest statute is to penalize insurers for dilatory practices in settling meritorious claims, not to compensate a plaintiff for delay in recovering benefits to which the plaintiff is ultimately determined to be entitled." *Id.* at 148.[7] The Court ruled that penalty interest under

---

[7] Other courts have similarly followed *Arco's* reasoning. See *Marketos v American Employers Ins Co*, 240 Mich App 684, 697; 612 NW2d 848 (2000) (citing *Arco* and holding that the plaintiffs were not entitled to penalty interest because the matter was reasonably in dispute), rev'd in

MCL 500.2006 is not available if there existed a reasonable dispute regarding the claim. *Id.* at 148-149. Accordingly, we follow the rule of law established in *Arco* rather than the dicta in *Yaldo*.[8]

Having found that at least a portion of plaintiff's claimed costs or damage, but not all, was reasonably in dispute, we conclude that plaintiff might nonetheless be entitled to some penalty interest despite the fact that certain aspects of the claim were in reasonable dispute. As mentioned above, it is abundantly clear from the record that defendant knew that some level of benefits was due under the insurance policy. In October 2002, 14 months after the sworn statement in proof of loss was submitted and ten months after the complaint was filed, defendant paid plaintiff $300,000 under the policy, even though the appraisal award had not yet been issued. Further, defendant's appraiser set the value of the claim at $474,760. Defendant recognized that a substantial sum of money was owing under the policy. So while there may have been a reasonable dispute over whether the full $1,058,750 was owed to plaintiff under the policy, there was no reasonable dispute that a substantial sum was owed to plaintiff, thereby allowing for the possibility of penalty interest. To rule otherwise would allow an insurer to withhold all payment without penalty, even if only a fraction of the claim was in

part on other grounds 465 Mich 407 (2001); *Michigan Twp Participating Plan v Fed Ins Co*, 233 Mich App 422, 436-437; 592 NW2d 760 (1999) (following *Arco* for the proposition that interest is not available if an insurer fails to pay a claim that is reasonably in dispute); *Sloan v Finsilver Assoc, Inc*, 208 F Supp 2d 744, 748 (ED Mich, 2002) (citing *Arco* for the proposition that the "penalty interest statute does not apply in situations where the insurer's obligation is reasonably in dispute").

[8] This Court is bound to "follow the rule of law established by a prior published decision of the Court of Appeals issued on or after November 1, 1990, that has not been reversed or modified by the Supreme Court, or by a special panel of the Court of Appeals . . . ." MCR 7.215(J)(1).

reasonable dispute. For example, if an insured presented a proper claim for $100,000 under a policy and the insurer reasonably disputed only $100 of the amount requested, the insurer could refuse to make any payment whatsoever without fear of being subject to penalty interest pursuant to MCL 500.2006. Our ruling is consistent with the language of the statute, which speaks of a "claim" being reasonably in dispute. MCL 500.2006(1). This language indicates that the entire claim must be in reasonable dispute before an insurer can escape without paying any penalty interest, and not just portions of the claim. The statute does not provide that penalty interest is to be imposed "unless the *extent or amount of* the claim is reasonably in dispute." In other words, if the insurer *reasonably* argues that no payment is due under a policy, then no penalty interest can be imposed after resolution of the dispute by a court or through appraisal, but if some portions of the claim, properly presented, are beyond reasonable dispute, timely payment must be made to that extent to avoid penalty interest, leaving the reasonably disputed portions subject to later resolution without application of penalty interest.

In the *Arco* case, the insurer refused entirely to defend or indemnify the insured with respect to an underlying lawsuit brought against the insured, alleging that the insurance contract did not cover the pollution and contamination matters at issue. See *Arco Industries Corp v American Motorists Ins Co*, 448 Mich 395, 399-401; 531 NW2d 168 (1995).[9] The *Arco* panel ruled that the trial court properly found that the insurer disputed its defense obligation in good faith and

---

[9] In *Arco, supra,* 233 Mich App 143, this Court did not recite the factual background of the case; however, the facts were discussed in the Supreme Court's prior ruling in the action.

that legitimate issues were contested; therefore, the insured was not entitled to penalty interest under MCL 500.2006. *Arco, supra,* 233 Mich App at 148-149. In *Marketos v American Employers Ins Co,* 240 Mich App 684, 686; 612 NW2d 848 (2000), rev'd in part on other grounds 465 Mich 407 (2001), the insurer denied, in its entirety, an insurance claim that arose out of a fire, arguing that the fire was an arson, which fire was alleged to have been set by the insured or at the insured's direction. The *Marketos* panel held that the trial court properly refused to award penalty interest because the arson defense was reasonable. *Id.* at 697-698. In *Siller v Employers Ins of Wausau,* 123 Mich App 140, 144; 333 NW2d 197 (1983), which was cited by this Court in *Arco,* the insurer refused to pay a claim, citing a coordination of benefits clause, and this Court held that the insured's claim for benefits was not reasonably in dispute because the contract clause relied on by the insurer was legally invalid. Thus, the trial court properly awarded penalty interest under MCL 500.2006. *Id.* In *Norgan v American Way Life Ins Co,* 188 Mich App 158, 159; 469 NW2d 23 (1991), another case relied on by the *Arco* panel, the insurer refused entirely to pay a claim where "the decedent did not meet the eligibility requirements of the policy because he retired for medical reasons." Again, there was a complete denial of coverage, and this Court held that the "plaintiff's claim was not reasonably in dispute and the trial court did not err in awarding interest under § 2006 of the Uniform Trade Practices Act." *Id.* at 165.

This brings us to *O J Enterprises, Inc v Ins Co of North America,* 96 Mich App 271; 292 NW2d 207 (1980), in which the parties engaged in the appraisal process, and the insured was denied penalty interest under MCL 500.2006. This Court concluded that

when the amount of the loss is *reasonably disputed* by the insurer and the insured and the matter is submitted to a court-appointed appraiser, MCL 500.2006(4); MSA 24.12006(4) should be read in conjunction with MCL 500.2832; MSA 24.12832.[10] . . . Therefore, insurers will be allowed up to 60 days from the date of the appraiser's award to pay awarded benefits to policy holders. [*Id.* at 274 (emphasis added).]

Because the defendant paid within 60 days of the appraisal award, "the 12 per cent interest penalty was never triggered." *Id.* at 275.

In *O J Enterprises,* the insurer made an initial payment of $26,000 to the insured, before litigation commenced, on the insured's claimed proof of loss of $200,000. The appraisal award was for $88,796, and the insurer paid the balance, $62,796, within 60 days. Although the opinion does not make it clear, it appears that the insured was seeking penalty interest on $62,796, not the entire $88,796 award. It also appears that this Court proceeded on the basis that there was a reasonable dispute over $62,796, which represented the difference between the appraisal award and the initial payment made to the insured. We cannot determine from the language of the opinion whether the panel would have barred penalty interest on the initial

---

[10] MCL 500.2832 was repealed by 305 PA 1990, but MCL 500.2833(2) revives and incorporates by reference the "former section 2832," except as otherwise provided in the act. MCL 500.2833 sets forth the requirements of fire insurance policies issued or delivered in this state. MCL 500.2833(1)(m) requires that the policy include an appraisal provision for when "the insured and insurer fail to agree on the actual cash value or amount of the loss[.]" While the loss in the case at bar was not the result of a fire, the parties stipulated that an appraisal would be pursued under the terms of MCL 500.2833; therefore, we shall address *O J Enterprises* and the statute and their effect on this case. We note that the insurance policy itself includes a general appraisal provision, but it is short, vague, and open-ended and does not include the language of MCL 500.2833(1)(m).

$26,000 payment had it found that the payment was untimely and not in reasonable dispute. We read *O J Enterprises* as merely indicating that reasonably disputed amounts sent to appraisal need not be paid, without threat of penalty interest, until after an appraisal award is issued, and not as indicating that, because there exists a reasonable dispute on a portion of the amount claimed, the undisputed portion need not be paid, free of penalty interest, until after an appraisal award is issued. Therefore, we conclude that *O J Enterprises* does not conflict with our ruling that, despite the use of the appraisal process to resolve a dispute regarding the full extent of the amount recoverable, an insurer can be liable for penalty interest under MCL 500.2006 for portions of the claim that were not reasonably disputed.

The concept of "reasonable dispute" must be viewed with respect to the "difference" between the amount claimed by the insured and the amount, limited by the ultimate appraisal award, that an insurer does not legitimately dispute is owed under the policy. If an insured claims $200,000 under a policy, the insurer's position is that only $60,000 is owed, and an appraisal results in a $140,000 award, the focus must be on the $80,000 over which the parties differed, as limited by the award, and whether there was a reasonable dispute concerning that amount. The insurer cannot be allowed to withhold all payment until the appraisal is complete and skirt, without penalty, earlier and timely payment of the $60,000 for which there was no reasonable dispute.

MCL 500.2833(1)(m), which is the statutory provision made applicable by the parties' stipulation for purposes of appraisal, does reflect that an insurer has time after the appraisal award to make payment on the

award. However, once again, an appraisal under MCL 500.2833(1)(m), or any appraisal for that matter when the parties disagree on the amount of the claim, necessarily focuses on the amount in dispute, and the award settles the disputed differences. The appraisers are not calculating a dollar amount below that which the insurer is willing to pay on the policy. Thus, the appraisers are issuing an award that is equal to or greater than that agreed to by the insurer, and the award is actually reflective of that difference, if any, despite the fact that the award will be stated in terms of the entire amount owing under the policy. To read MCL 500.2833(1)(m) any differently, when viewing it in the context of MCL 500.2006, would render MCL 500.2006 meaningless when appraisals are involved.[11]

This does not end the analysis, however, because penalty interest does not begin to accrue under MCL 500.2006(4) until 60 days after a satisfactory proof of loss. On remand, the trial court is to first determine whether plaintiff supplied defendant with a satisfactory proof of loss with respect to any amount claimed in the sworn statement in proof of loss so that the 60-day period began to run. If there was a failure to supply a satisfactory proof of loss with regard to a portion of the claim, the court may still award penalty interest if there was a satisfactory proof of loss with respect to a

---

[11] Our ruling will not interfere with or disrupt the appraisal process, nor will it result in any unfairness to insurers utilizing the appraisal process. By way of example, if an insured makes a claim for $100,000 under a policy and the insurer reasonably maintains that the proper amount is $75,000, the dispute can go to appraisal to resolve the $25,000 difference in the parties' positions, yet the insurer can also timely pay the $75,000, which it does not dispute, without waiting until the appraisal process is completed before making the payment toward the claim. There is no reason that an insured should have to wait until the appraisal is completed before receiving payment on that portion of the claim that is not in dispute.

separate portion of the claim. See MCL 500.2006(3). Additionally, as part of this analysis, the court must take into consideration whether defendant properly rejected the proof of loss by specifying "in writing the materials that constitute a satisfactory proof of loss[.]" MCL 500.2006(3). If defendant did not comply with this provision, plaintiff was excused from submitting a proof of loss and the matter shall proceed as if a satisfactory proof of loss were submitted. *Medley v Canady*, 126 Mich App 739, 745; 337 NW2d 909 (1983) ("Further, reading MCL 500.2006[3] and 500.2006[4] together, we conclude that failure to specify in writing the materials which constitute satisfactory proof of loss excuses the requirement of said proof of loss in MCL 500.2006[4].").

If the trial court determines that plaintiff supplied a satisfactory proof of loss, or that it was excused, the court must then determine, with input from the parties, that amount of the claim that was not reasonably in dispute, as governed and guided by our directions above on the matter, which assessment can be viewed at the 60-day mark following submission of the proof of loss or anytime thereafter before payment. After determinations regarding the issues of satisfactory proof of loss and whether portions of the claim were reasonably in dispute, applicable penalty interest, if any, is to be calculated.

### MCL 600.6013

Plaintiff next contends that the trial court erred in declining to award him prejudgment interest pursuant to MCL 600.6013. This issue encompasses an argument raised by defendant on cross-appeal in which defendant maintains that the court erred by entering a judgment in favor of plaintiff for the amount of the modified

appraisal award, considering that there was no need to do so after defendant had paid the full balance due.

An award of interest pursuant to MCL 600.6013 is reviewed de novo. *Beach v State Farm Mut Automobile Ins Co*, 216 Mich App 612, 623-624; 550 NW2d 580 (1996). Questions of statutory interpretation are also reviewed de novo. *Roberts, supra* at 62.

MCL 600.6013(1) provides, "Interest is allowed on a money judgment recovered in a civil action, as provided in this section." "For the purpose of the judgment interest statute, a money judgment is one that orders the payment of a sum of money, as distinguished from an order directing an act to be done or property to be restored or transferred." *In re Forfeiture of $176,598*, 465 Mich 382, 386; 633 NW2d 367 (2001).

There can be no reasonable dispute that the trial court entered a money judgment ordering defendant to make payment of a sum of money under the policy and that the judgment controlled defendant's financial obligations and plaintiff's financial entitlements under the policy. Furthermore, our ruling that plaintiff is entitled to the full amount of the appraisal award, $1,058,750, similarly requires the entry of a "money" judgment on remand. Under the clear and unambiguous language of MCL 600.6013, plaintiff is entitled to prejudgment interest. See *Morales v Auto-Owners Ins Co (After Remand)*, 469 Mich 487, 491-492; 672 NW2d 849 (2003) (MCL 600.6013 must be enforced as written, and disallowing interest accrual for periods of delay that are neither party's fault or for periods of appellate delay is not permitted by the statute).[12]

---

[12] For purposes of clarity and direction to the trial court on remand, any interest awarded under MCL 500.2006 "shall be offset by any award of

In *Linford Lounge, Inc v Michigan Basic Prop Ins Ass'n*, 77 Mich App 710; 259 NW2d 201 (1977), the parties sought an appraisal after a fire occurred at the insured's building, and the insured filed a civil action when the parties could not agree on the appraisers. The complaint resulted in the appointment of an umpire, who found that the amount of the loss exceeded the policy limit of $47,000. The trial court refused to set aside the appraisal award on the insurer's motion, and it entered judgment for $47,000 as determined by the umpire, plus interest from the date the complaint was filed. *Id.* at 711-712. This Court held that it was proper to award the insured prejudgment interest under MCL 600.6013 because the statute "controls an award of interest on a money judgment in a civil action[.]" *Id.* at 714. Likewise here, plaintiff was and is entitled to prejudgment interest pursuant to MCL 600.6013.[13]

## PREVAILING PARTY—COSTS

Defendant next contends that the court erred in finding plaintiff to be the prevailing party and allowing plaintiff to tax costs. Of course, we must now take into consideration our ruling and the increase in the judgment to $1,058,750. As such, our focus is not on the trial

interest that is payable by the insurer pursuant to the award." MCL 500.2006(4); *McCahill v Commercial Union Ins Co*, 179 Mich App 761, 779-780; 446 NW2d 579 (1989).

[13] *O J Enterprises*, a case in which prejudgment interest on a judgment predicated on an appraisal award was not allowed, is distinguishable because there this Court noted that the insurer had not contested the amount of the loss determined by the appraiser; therefore, there was no need for judicial intervention to settle the award. *O J Enterprises, supra* at 275. Here, defendant requested judicial intervention, and a ruling by the trial court, and ultimately this Court, settled the award. Moreover, regardless of the need for judicial intervention, which is not mentioned anywhere in MCL 600.6013, all that is necessary is that a court enter a money judgment.

court's order and award. "The determination whether a party is a 'prevailing party' under MCR 2.625 is a question of law." *Klinke v Mitsubishi Motors Corp*, 219 Mich App 500, 521; 556 NW2d 528 (1996), aff'd 458 Mich 582 (1998).

MCR 2.625(A)(1) provides:

> Costs will be allowed to the prevailing party in an action, unless prohibited by statute or by these rules or unless the court directs otherwise, for reasons stated in writing and filed in the action.

MCR 2.625(B)(2) provides:

> In an action involving several issues or counts that state different causes of action or different defenses, the party prevailing on each issue or count may be allowed costs for that issue or count. If there is a single cause of action alleged, the party who prevails on the entire record is deemed the prevailing party.

In *Forest City Enterprises, Inc v Leemon Oil Co*, 228 Mich App 57, 81; 577 NW2d 150 (1998), this Court, in determining whether a party was a prevailing party under MCR 2.625, stated:

> The fact that [a party] recovered less than the full amount of damages sought is not dispositive of whether it was the prevailing party. On the other hand, mere recovery of some damages is not enough; in order to be considered a prevailing party, that party must show, at the very least, that its position was improved by the litigation. [Citation omitted.]

Pursuant to our holding, plaintiff is awarded roughly 77 percent of the original claim, an extremely substantial amount, and defendant had paid plaintiff *nothing* at the time the complaint was filed. Moreover, plaintiff may be entitled on remand to some penalty interest under MCL 500.2006 relative to his UTPA claim. As

such, we find that plaintiff's position was improved by the litigation, that plaintiff is the prevailing party, and that plaintiff is entitled to costs.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.