ACORN INVESTMENT CO v MICHIGAN BASIC PROPERTY
INSURANCE ASSOCIATION

Docket No. 306361. Submitted November 15, 2012, at Detroit. Decided
November 27, 2012, at 9:00 a.m. Leave to appeal sought.

Acorn Investment Co. brought an action in the Wayne Circuit Court
against the Michigan Basic Property Insurance Association, seeking
to recover under a fire-insurance policy issued by defendant for losses
suffered when a fire occurred on plaintiff's property. Defendant had
denied coverage on the basis that the policy had been canceled before
the fire occurred. The court, Daphne Means Curtis, J., granted
summary disposition in plaintiff's favor, ruling that the notice of
cancellation was insufficient to effectively cancel the policy. The case
proceeded to case evaluation, which resulted in an award in plaintiff's
favor of $11,000. Plaintiff accepted the award and defendant rejected
it. The parties then agreed to submit the matter to an appraisal panel
as set forth in the insurance policy to determine the value of
plaintiff's loss. The appraisal panel determined that $20,877 was the
actual cash value of plaintiff's loss. Plaintiff then filed a motion for
entry of judgment and also sought case-evaluation sanctions and
debris-removal expenses. The court entered a judgment in plaintiff's
favor for $20,877 plus interest but declined to award case-evaluation
sanctions or debris-removal expenses. Plaintiff appealed.

The Court of Appeals *held*:

1. The appraisal process utilized in this case was a substitute
for the judicial determination of the dispute over the amount of
loss to be paid by defendant and was effectively an arbitration. An
order or judgment entered pursuant to an arbitration or settle-
ment is not a "verdict" within the meaning of MCR 2.403(O)(2)(c),
which defines a "verdict" for purposes of determining the rejecting
party's liability for costs as, in part, a judgment entered as a result
of a ruling on a motion after rejection of the case evaluation. The
trial court's order granting plaintiff's motion for entry of judgment
merely confirmed the appraisal award and did not constitute a
verdict under MCR 2.403(O)(2)(c). The trial court properly denied
plaintiff's request for case-evaluation sanctions.

2. The case proceeded through the case-evaluation process
without plaintiff raising the issue of debris-removal expenses.

Defendant did not assert that debris-removal expenses were not covered under the policy. The appraisal panel would have addressed debris-removal expenses if plaintiff had submitted evidence showing that it had incurred such expenses. Plaintiff waived its claim for such expenses by submitting the case for appraisal and proceeding through the process without raising the issue. The trial court did not err by denying plaintiff's request for debris-removal expenses.

Affirmed.

1. Costs — Mediation Sanctions — Judgments — Orders — Arbitration — Settlements — Words and Phrases — Verdict.

A judgment or order that is entered pursuant to an arbitration or settlement is not a "verdict" within the meaning of MCR 2.403(O)(2)(c), which defines a verdict for purposes of determining the liability for costs of a party that rejected a case-evaluation award as, in part, a judgment entered as a result of a ruling on a motion after rejection of the case evaluation award; a trial court's order granting a party's motion for entry of judgment that merely confirms an appraisal award is not a verdict under the court rule.

2. Insurance — Actions — Coverage Issues — Appraisals of Damages — Waiver.

A court should determine coverage issues in a declaratory judgment action before an appraisal process is employed to determine the damage to an insured's property when an insurer and its insured cannot agree on coverage under an insurance policy; issues involving an insurance policy's coverage are generally for the court to determine; an appraisal process cannot legally settle coverage issues; an insured waives its coverage-based challenge and is bound by an appraisal award, absent bad faith, fraud, misconduct, or manifest mistake, when the parties stipulated to submit the insured's insurance claim for a loss for an appraisal without first seeking to have the trial court determine the coverage challenge.

*James C. Klemanski* for plaintiff.

*Patrick, Johnson & Mott, P.C.* (by *John D. Honeyman*), for defendant.

Before: FORT HOOD, P. J., and K. F. KELLY and DONOFRIO, JJ.

PER CURIAM. Plaintiff appeals as of right the trial court's orders denying its motion for case-evaluation sanctions and the assessment of debris-removal expenses. Because plaintiff did not obtain a "verdict" entitling it to case-evaluation sanctions under MCR 2.403(O)(2)(c) and it waived its claim for debris-removal expenses, we affirm.

This case arises out of a fire that occurred on plaintiff's property in Detroit on May 27, 2007. Plaintiff filed a claim with defendant, its fire-insurance carrier, which defendant denied on the basis that the policy had been canceled effective May 16, 2007. Plaintiff then filed this action against defendant, and the trial court granted summary disposition in plaintiff's favor, ruling that defendant's notice of cancellation was insufficient to effectively cancel the policy. The case proceeded to case evaluation, which resulted in an award of $11,000 in plaintiff's favor. Plaintiff accepted the award and defendant rejected it. Thereafter, the parties agreed to submit this case to an appraisal panel to determine the value of plaintiff's loss. The appraisal panel issued an appraisal award determining that $20,877 was the actual cash value of plaintiff's loss. Plaintiff then filed a motion for entry of judgment, which also sought case-evaluation sanctions and debris-removal expenses. The trial court entered a judgment in plaintiff's favor in the amount of the appraisal award plus interest but declined to award case-evaluation sanctions or assess debris-removal expenses.

Plaintiff first argues that the trial court erroneously denied its request for case-evaluation sanctions because it obtained a "verdict" within the meaning of MCR 2.403(O)(2)(c), which entitled it to actual costs. A trial court's decision whether to impose case-evaluation sanctions is a question of law subject to review de novo on appeal. *Cusumano v Velger*, 264 Mich App 234, 235; 690

NW2d 309 (2004). Likewise, the interpretation of a court rule is a question of law that we review de novo on appeal. *Jerico Constr, Inc v Quadrants, Inc*, 257 Mich App 22, 28; 666 NW2d 310 (2003).

The underlying purpose of case evaluation is " 'to encourage settlement and deter protracted litigation by placing the burden of litigation costs' " on the party that rejected the case evaluation and required the case to proceed to trial. *Id.* at 32, quoting *Broadway Coney Island, Inc v Commercial Union Ins Cos (Amended Opinion)*, 217 Mich App 109, 114; 550 NW2d 838 (1996). MCR 2.403(O) provides, in relevant part:

> (1) If a party has rejected an evaluation and the action proceeds to verdict, that party must pay the opposing party's actual costs unless the verdict is more favorable to the rejecting party than the case evaluation. . . .
>
> (2) For the purpose of this rule "verdict" includes,
>
> (a) a jury verdict,
>
> (b) a judgment by the court after a nonjury trial,
>
> (c) a judgment entered as a result of a ruling on a motion after rejection of the case evaluation.

"In applying MCR 2.403(O)(2), this Court has consistently rejected attempts to expand or read additional meaning into the rule that is not expressly stated." *Jerico Constr, Inc*, 257 Mich App at 30. This Court has expressly warned against "impermissibly expand[ing], by judicial fiat, the specific and precisely worded definition of 'verdict' to include any order ending any part of a case by whatever method, thereby rendering the limiting language of MCR 2.403(O)(2)(a)-(c) nugatory." *Id.* at 31-32.

This Court has recognized that the appraisal process mandated by statute[1] and utilized in the instant case "is

---

[1] MCL 500.2833(1)(m) requires that every fire-insurance policy issued or delivered in Michigan contain the following provision:

a substitute for the judicial determination of disputes over the amount of losses to be paid by insurers." *Auto-Owners Ins Co v Allied Adjusters & Appraisers, Inc*, 238 Mich App 394, 399; 605 NW2d 685 (1999). It is " 'a simple and inexpensive method for the prompt adjustment and settlement of claims' " and effectively constitutes arbitration. *Auto-Owners Ins Co v Kwaiser*, 190 Mich App 482, 486; 476 NW2d 467 (1991), quoting *Thermo-Plastics R & D, Inc v Gen Accident Fire & Life Assurance Corp, Ltd*, 42 Mich App 418, 422; 202 NW2d 703 (1972). This Court has previously rejected the notion that an order or judgment entered following arbitration or settlement constitutes a "verdict" within the meaning of MCR 2.403(O). In *Saint George Greek Orthodox Church of Southgate, Mich v Laupmanis Assoc, PC*, 204 Mich App 278, 282-284; 514 NW2d 516 (1994), this Court held that mediation sanctions were not awardable under a previous version of MCR 2.403 when the claim was resolved through arbitration and the court merely entered an order confirming the

That if the insured and insurer fail to agree on the actual cash value or amount of the loss, either party may make a written demand that the amount of the loss or the actual cash value be set by appraisal. If either makes a written demand for appraisal, each party shall select a competent, independent appraiser and notify the other of the appraiser's identity within 20 days after receipt of the written demand. The 2 appraisers shall then select a competent, impartial umpire. If the 2 appraisers are unable to agree upon an umpire within 15 days, the insured or insurer may ask a judge of the circuit court for the county in which the loss occurred or in which the property is located to select an umpire. The appraisers shall then set the amount of the loss and actual cash value as to each item. If the appraisers submit a written report of an agreement to the insurer, the amount agreed upon shall be the amount of the loss. If the appraisers fail to agree within a reasonable time, they shall submit their differences to the umpire. Written agreement signed by any 2 of these 3 shall set the amount of the loss. Each appraiser shall be paid by the party selecting that appraiser. Other expenses of the appraisal and the compensation of the umpire shall be paid equally by the insured and the insurer.

arbitration award.[2] In *Smith v Elenges*, 156 Mich App 260, 263-264; 401 NW2d 342 (1986), this Court held that a consent judgment was not a "verdict" as that term was used in Wayne Circuit Court Rule 403.15(c) , an early predecessor of MCR 2.403(O). See also *Jerico Constr, Inc*, 257 Mich App at 30-31. Similarly, in *Jerico Constr, Inc*, this Court held that a stipulated order of dismissal entered on the basis of a settlement agreement did not constitute a "verdict" under MCR 2.403(O)(2). *Jerico Constr, Inc*, 257 Mich App at 31.

In this case, the parties participated in case evaluation, which resulted in an award in plaintiff's favor in the amount of $11,000. Plaintiff accepted the award, and defendant rejected it. Thereafter, the parties agreed to resolve their dispute regarding the value of plaintiff's loss by participating in the appraisal process set forth in the insurance policy, resulting in an appraisal award of $20,877 in plaintiff's favor. Plaintiff then filed a motion

---

[2] The previous version of MCR 2.403(O)(1) at issue in *Saint George*, 204 Mich App at 281-282, stated, in relevant part:

> If a party has rejected an evaluation and the action *proceeds to trial*, that party must pay the opposing party's actual costs unless the verdict is more favorable to the rejecting party than the mediation evaluation. [Emphasis added.]

This Court reasoned in *Saint George* that the arbitration did not satisfy the "proceeds to trial" language and that merely confirming the arbitration award did not constitute a "verdict" because that interpretation ignored the requirement that the action proceed to trial. *Id.* at 283. The current version of MCR 2.403(O)(1) at issue in this case uses the phrase "proceeds to verdict" rather than "proceeds to trial." This Court in *Saint George* also reasoned, however, that "MCR 2.403 was designed to expedite and simplify the final settlement of cases to avoid a trial," and that the parties were attempting to effectuate that purpose by working "within the framework of arbitration and the arbitration award." *Id.* at 284. Cf. *Cusumano*, 264 Mich App at 238 (holding that case-evaluation sanctions were awardable following arbitration when the arbitration agreement provided that such sanctions shall apply).

for entry of judgment, which the trial court partially granted and thereafter entered judgment in plaintiff's favor. As previously discussed, the appraisal process was effectively an arbitration, and an order or judgment entered pursuant to an arbitration or settlement is not a "verdict" within the meaning of MCR 2.403(O)(2)(c). See *Jerico Constr, Inc*, 257 Mich App at 31; *Saint George*, 204 Mich App at 282-284; *Kwaiser*, 190 Mich App at 486. The trial court's order granting plaintiff's motion for entry of judgment merely confirmed the appraisal award and did not constitute a "verdict" under MCR 2.403(O)(2)(c). Accordingly, the trial court properly denied plaintiff's request for case-evaluation sanctions.

Plaintiff next argues that the trial court erred by denying its request for debris-removal expenses. "'Judicial review of an appraisal award is limited to instances of 'bad faith, fraud, misconduct, or manifest mistake.'" *Angott v Chubb Group of Ins Cos*, 270 Mich App 465, 473; 717 NW2d 341 (2006), quoting *Kwaiser*, 190 Mich App at 486. Further, "[t]he question of what constitutes a waiver is a question of law" that we review de novo. *Angott*, 270 Mich App at 469-470 (quotation marks and citation omitted).

Issues involving an insurance policy's coverage are generally for the court to determine, and "[t]he appraisal process cannot legally settle coverage issues . . . ." *Kwaiser*, 190 Mich App at 486-487. "Where the parties cannot agree on coverage, a court is to determine coverage in a declaratory action before an appraisal of the damage to the property." *Id.* at 487. In *Angott*, 270 Mich App at 473-474, this Court held that the defendant insurer waived its coverage-based challenge and was bound by the appraisal award absent bad faith, fraud, misconduct, or manifest mistake when the par-

ties stipulated to submit the plaintiff's claim for appraisal without first seeking court intervention to determine coverage issues.

Here, plaintiff erroneously characterizes its argument regarding debris-removal expenses as a coverage issue and contends that the trial court, rather than the appraisal panel, should have determined the issue. To the contrary, defendant did not assert that debris-removal expenses were not covered under the policy. Rather, it appears that the case proceeded through the appraisal process without plaintiff raising the issue of debris-removal expenses. In a letter accompanying the appraisal award, appraiser Richard Guider stated that "no allowance was made for debris removal, as no evidence ha[d] been presented that the insured incurred any debris removal expense." Thus, the appraisal panel would have addressed debris-removal expenses if plaintiff had submitted evidence showing that it had incurred debris-removal costs. While plaintiff contends that it did not incur such costs until after the appraisal proceedings, it is noteworthy that the appraisal award was issued on September 17, 2010, and the fire occurred on May 27, 2007. By submitting its case for appraisal and proceeding through the appraisal process without raising the issue of debris-removal expenses, plaintiff waived its claim for such expenses. See *Angott*, 270 Mich App at 473-474; see also *id.* at 470 ("Waiver may be shown by proof of express language of agreement or inferably established by such declaration, act, and conduct of the party against whom it is claimed.").

Affirmed. Defendant, being the prevailing party, may tax costs pursuant to MCR 7.219.

FORT HOOD, P.J., and K. F. KELLY and DONOFRIO, JJ., concurred.