# Syllabus

Chief Justice:
Robert P. Young, Jr.

Justices:
Michael F. Cavanagh
Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano

**This syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader.**

Reporter of Decisions:
Corbin R. Davis

ACORN INVESTMENT CO v MICHIGAN BASIC PROPERTY INSURANCE ASSOCIATION

Docket No. 146452. Argued December 11, 2013. Decided May 20, 2014.

Acorn Investment Co. brought an action in the Wayne Circuit Court against the Michigan Basic Property Insurance Association, which had issued a fire insurance policy to Acorn, seeking to recover losses suffered in a fire on Acorn's property. Michigan Basic had denied coverage on the basis that the policy had been canceled before the fire occurred. The case proceeded to case evaluation, which resulted in an award of $11,000 in Acorn's favor. Acorn accepted the award, but Michigan Basic rejected it. The court, Daphne Means Curtis, J., granted summary disposition in Acorn's favor, ruling that the notice of cancellation was insufficient to effectively cancel the policy. The parties then agreed to submit the matter to an appraisal panel as permitted in the insurance policy and MCL 500.2833(1)(m). The appraisal panel determined that Acorn's claim was worth $20,877. Acorn moved for entry of a judgment and also sought interest under the Uniform Trade Practices Act, MCL 500.2001 *et seq.*, case evaluation sanctions under MCR 2.403(O)(1), and expenses for the removal of debris. The court entered a judgment in Acorn's favor for $20,877 plus interest but declined to award case evaluation sanctions or debris-removal expenses. Michigan Basic paid the judgment, and Acorn appealed the denial of those sanctions and expenses. The Court of Appeals, FORT HOOD, P.J., and K. F. KELLY and DONOFRIO, JJ., affirmed. 298 Mich App 558 (2012). Acorn applied for leave to appeal, and the Supreme Court ordered and heard oral argument on whether to grant the application or take other peremptory action with regard to whether the judgment amounted to a verdict that entitled Acorn to case evaluation costs under MCR 2.403(O)(2)(c). 494 Mich 863 (2013).

In an opinion by Justice ZAHRA, joined by Chief Justice YOUNG and Justices MARKMAN, KELLY, McCORMACK, and VIVIANO, the Supreme Court *held*:

Under MCR 2.403(O)(2)(c), the definition of "verdict" includes a judgment entered as a result of a ruling on a motion after rejection of the case evaluation.

1. MCR 2.403(O)(1) provides that if a party rejects a case evaluation and the action proceeds to verdict, that party must pay the opposing party's actual costs unless the verdict is more favorable to the rejecting party than the case evaluation. Under MCR 2.403(O)(2)(c), a verdict includes a judgment entered as a result of a ruling on a motion after a rejection of the case evaluation. The court retains discretion regarding whether to award costs in certain

circumstances. MCR 2.403(O)(11) provides that the court may refuse to award actual costs in the interests of justice if the verdict is the result of a motion as provided in MCR 2.403(O)(2)(c).

2. Pursuant to MCL 500.2833(1)(m), Michigan fire insurance policies provide that if the insured and insurer cannot agree on the actual cash value or amount of the loss, either party may demand that the amount of the loss or the actual cash value be set by appraisal. It was undisputed that Michigan Basic rejected the case evaluation in this case and that the outcome of the appraisal proceeding, even without the court's adding interest, was more favorable to Acorn than the case evaluation. This action proceeded to a judgment entered as a result of a ruling on a motion when the circuit court granted Acorn's motion for entry of a judgment and interest. Michigan Basic argued that the court rule contemplates resolution of a case by a dispositive motion in lieu of a trial, whereas the parties in this case agreed to resolve the issue of damages through the appraisal process. Michigan Basic also argued that Acorn's motion for entry of a judgment and interest was not required for the judgment to enter. While the case was not resolved as a result of the circuit court's ruling on a motion for summary disposition, however, it was nonetheless resolved by a ruling on a different motion, that for entry of a judgment. Moreover, it was the court, not the appraisal panel, that made the final determination of the parties' rights and obligations, and even if Michigan Basic had immediately paid the appraisal panel's award, the circuit court would still have had matters to attend to, including awarding interest. Therefore, the circuit court, not the appraisal panel, determined and entered the judgment. Thus, Acorn may recover its actual costs under MCR 2.403(O)(2)(c).

3. Michigan Basic contended that Acorn had waived its right to debris-removal expenses by failing to present evidence of them at the appraisal proceeding or raise the issue of jurisdiction in the circuit court before appraisal. There was no question that the insurance policy required compensation for debris-removal expenses. Acorn presented a colorable argument that it did not waive its right to collect debris-removal expenses at the appraisal proceeding. Debris-removal expenses were not mentioned in the circuit's court order permitting the parties to proceed to appraisal, and it would not have made sense for the appraisal panel to determine the amount of debris-removal expenses by engaging in a calculation of replacement cost less depreciation. But Acorn did request debris-removal expenses with its motion for entry of a judgment and interest. Because the circuit court did not set forth its reasons for denying debris-removal expenses, it was unclear whether it denied those costs because Acorn had waived the claim by not requesting those expenses before the appraisal panel or whether the court properly denied them on other grounds, such as forfeiture. Therefore, it was necessary to vacate the Court of Appeals' decision in that regard and remand the issue of debris-removal expenses for the circuit court to determine (1) whether the appraisal panel had the ability under MCL 500.2833 to determine debris-removal expenses, (2) if so, whether it erred by failing to award the expenses, and (3) if the appraisal panel did not have that authority, whether Acorn waived or forfeited its claim to debris-removal expenses.

Reversed in part with regard to the award of actual costs, vacated in part with regard to debris-removal expenses, and remanded for further proceedings.

Justice CAVANAGH, concurring, agreed that there was a verdict for purposes of MCR 2.403(O)(2). Justice CAVANAGH, further noted that the possibility of actual costs in cases such

as this did not necessarily run afoul of the purpose of the court rule, as Michigan Basic's arguments implied. The court rule is not intended to punish parties but seeks instead to expedite and promote the settlement of cases by shifting the financial burden of paying actual costs to the party that imprudently rejected the proposed case evaluation award. Although Michigan Basic argued that its decision not to contest the appraisal panel's determination freed it from potential responsibility regarding actual costs, Michigan Basic nevertheless rejected the proposed case evaluation award, contested its liability until the circuit court granted Acorn's motion for summary disposition, and otherwise protracted the proceedings contrary to the aim of the rule. Accordingly, Justice CAVANAGH concurred with the decision to reverse and remand for further proceedings, including whether it was in the interests of justice to refuse to award actual costs under MCR 2.403(O)(11).

©2014 State of Michigan

# Opinion

Chief Justice:                Justices:
Robert P. Young, Jr.    Michael F. Cavanagh
Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano

FILED MAY 20, 2014

STATE OF MICHIGAN

SUPREME COURT

ACORN INVESTMENT CO.,

Plaintiff-Appellant,

v                                                                    No. 146452

MICHIGAN BASIC PROPERTY
INSURANCE ASSOCIATION,

Defendant-Appellee.

BEFORE THE ENTIRE BENCH

ZAHRA, J.

The issue in this case is whether plaintiff, Acorn Investment Co. (Acorn), may be awarded case evaluation costs under MCR 2.403(O)(1). Acorn had purchased property insurance from defendant Michigan Basic Property Insurance Association (Michigan Basic). When the insured property burned down, Acorn filed an insurance claim with Michigan Basic, which Michigan Basic disputed and did not pay. Acorn brought suit in the Wayne Circuit Court to recover under the insurance policy. The court submitted the case to case evaluation pursuant to MCR 2.403(A)(1), and the case evaluation panel

rendered an award in Acorn's favor in the amount of $11,000. Acorn accepted the proposed award, but Michigan Basic rejected it. Because the parties failed to agree on the loss, Acorn demanded, pursuant to the terms of the insurance policy,[1] that the loss be set by appraisal. The appraisal panel determined that Acorn's claim was worth $20,877. Acorn filed a motion in the circuit court for entry of judgment and assessment of Uniform Trade Practices Act (UTPA) interest,[2] actual costs under MCR 2.403(O)(1) based on Michigan Basic's rejection of the case evaluation award, and debris-removal expenses pursuant to the insurance policy. The court granted the motion for entry of judgment, awarded Acorn $8,391.96 in interest, and ordered Michigan Basic to pay Acorn $6.86 per day until it satisfied the judgment. The court refused Acorn's requests for actual costs and for debris-removal expenses. Acorn appealed, and the Court of Appeals affirmed.[3] We ordered and heard oral argument on whether to grant Acorn's application for leave to appeal or take other peremptory action.[4]

We hold that the circuit court may award actual costs to Acorn.[5] MCR 2.403(O)(1) requires a court to award actual costs when an opposing party rejects a case evaluation, the action proceeds to verdict, and the verdict is less favorable to the rejecting

---

[1] MCL 500.2833(1)(m) required the inclusion of the appraisal provision in the policy.

[2] MCL 500.2001 *et seq*.

[3] *Acorn Investment Co v Mich Basic Prop Ins Ass'n*, 298 Mich App 588; 828 NW2d 94 (2012).

[4] *Acorn Investment Co v Mich Basic Prop Ins Ass'n*, 494 Mich 863 (2013).

[5] We note that the circuit court has the discretion to refuse to do so in the interests of justice under MCR 2.403(O)(11).

2

party than the case evaluation. The parties agree that Michigan Basic rejected the initial case evaluation and that the appraisal panel's award was less favorable to Michigan Basic than the initial case evaluation. We hold that the remaining requirement, that the action "proceed to verdict," was also satisfied. Under MCR 2.403(O)(2)(c), the definition of "verdict" includes "a judgment entered as a result of a ruling on a motion after rejection of the case evaluation." In this case, the action proceeded to a judgment entered as a result of a ruling on a motion when the circuit court granted Acorn's motion for entry of judgment and interest.

Though we did not request that the parties address whether Acorn should have been awarded debris-removal expenses under the insurance policy,[6] we vacate the decision of the Court of Appeals in that regard and remand that issue to the circuit court. It is undisputed that Acorn's insurance policy included the right to recover for debris-removal expenses. But there is a dispute about whether the appraisal panel awarded them as part of its award, left them for the circuit court to determine, or whether Acorn waived its right to claim them. Acorn makes a colorable argument that the appraisal panel could not have determined the cost of debris removal because debris removal did not constitute "damages." Furthermore, debris removal costs could not logically be determined by using the formula ordered by the circuit court in its decision in limine—replacement cost less depreciation.

Accordingly, we reverse the decision of the Court of Appeals with regard to actual (case evaluation) costs and remand this case to the circuit court for further proceedings

---

[6] *Acorn*, 494 Mich 863 (2013).

3

consistent with this opinion—including a determination whether Acorn is entitled to debris-removal expenses.

## I. FACTS AND PROCEEDINGS

Acorn owned the property located at 12826 Marlowe in the City of Detroit (the Property). On April 10, 2007, Acorn applied to Michigan Basic for fire insurance for the Property. Michigan Basic issued Acorn Policy No. 4587875 (the Policy), which provided fire insurance for the Property for the period April 11, 2007, to April 11, 2008. On May 27, 2007, a fire occurred at the Property, causing significant damage. Acorn filed a claim with Michigan Basic, which was formally denied on the basis that the Policy was not in force at the time of the loss because it had been cancelled as of May 16, 2007.

Acorn filed suit against Michigan Basic. On June 27, 2008, Acorn filed a motion for summary disposition, seeking a declaration that Michigan Basic was required to provide coverage based on the Installment Payment Notice that Acorn received from Michigan Basic on May 11, 2007. Michigan Basic filed a cross-motion for summary disposition, which stated that Acorn was not covered because Michigan Basic had sent two cancellation notices (on April 16, 2007, and May 16, 2007) to Acorn, both stating that coverage would be cancelled on May 16, 2007, because of the Property's ineligibility for coverage. The circuit court denied the motions for summary disposition, concluding that genuine issues of material fact precluded the entry of judgment.

Pursuant to MCR 2.403(A)(1), a case evaluation was performed on November 4, 2008, which resulted in an award for Acorn in the amount of $11,000. Acorn accepted the award, but Michigan Basic rejected it.

4

On April 23, 2009, Acorn filed a motion for summary disposition with regard to Michigan Basic's cancellation defense on the basis that Michigan Basic's notice of cancellation did not conform to the statutory requirement that the cancellation notice contain language advising the insured that any unused premium would be refunded on demand.[7] The circuit court granted Acorn's motion on July 14, 2009.

While Acorn's motion for summary disposition was pending, Acorn made a motion in limine that the fire damage value be determined by replacement cost less depreciation. The circuit court granted the motion. On November 19, 2009, Acorn made a motion to strike Michigan Basic's affirmative defense of misrepresentation. The circuit court granted the motion, concluding that Acorn was under no duty to advise Michigan Basic of changes in the occupancy of the rental dwelling.

Given that Michigan Basic's liability had already been determined, Acorn filed a motion to refer the issue of damages to a three-person appraisal panel and to appoint a presiding umpire for the panel, as permitted by the insurance policy and the enabling statute, MCL 500.2833(1)(m). Acorn also filed a motion asking the circuit court to require the appraisers to consider only replacement cost less depreciation when determining damages. The court granted both motions.

The appraisal panel issued the appraisal award on September 17, 2010, in the amount of $20,877. Michigan Basic did not pay the award and filed no pleadings with respect to the award. Upon Acorn's receipt of the award, Acorn wrote to the umpire of

---

[7] See MCL 500.2833(1)(i).

the appraisal panel, complaining that the award was too low because the panel did not award debris-removal costs, which were permitted by the insurance policy.

On November 17, 2010, Acorn filed a motion for entry of judgment in the appraisal amount, together with interest under the UTPA. Acorn also sought an award of case evaluation costs and for additional proceeds under the policy for the cost of debris removal services. Michigan Basic responded to the motion for entry of judgment, indicating that it did not contest Acorn's request for entry of judgment in the amount of the appraisal award or Acorn's claim to UTPA interest. Michigan Basic did object, however, to Acorn's request for case evaluation costs and for debris-removal expenses under the insurance policy, which Michigan Basic claimed could have been, but were not, part of the appraisal award. The circuit court entered a judgment in the amount of $20,877, together with UTPA interest in the amount of $8,391.96, plus future interest in the amount of $6.86 a day until Michigan Basic satisfied the judgment. The court denied Acorn's claims for case evaluation costs and debris removal costs. The court denied Acorn's motion for reconsideration. Michigan Basic paid the judgment.

Acorn appealed to the Court of Appeals, seeking review of the circuit court's denial of case evaluation costs and debris-removal costs. The Court affirmed the court's decision in a published opinion per curiam.[8]

With regard to case evaluation costs, the Court of Appeals reasoned that "[t]he underlying purpose of case evaluation is to encourage settlement and deter protracted litigation by placing the burden of litigation costs on the party that rejected case

---

[8] *Acorn*, 298 Mich App 558.

6

evaluation and required the case to proceed to trial."[9]  The Court noted that the statutory appraisal process under MCL 500.2833(1)(m) is "a substitute for the judicial determination of disputes" and "a simple and inexpensive method for the prompt adjustment and settlement of claims [that] effectively constitutes arbitration."[10] Furthermore, the Court stated that it had "previously rejected the notion that an order or judgment entered following arbitration or settlement constitutes a 'verdict' within the meaning of MCR 2.403(O)."[11]  To support this proposition,[12] the Court cited *Jerico Constr, Inc v Quadrants, Inc*;[13] *Saint George Greek Orthodox Church of Southgate, Mich v Laupmanis Assoc, PC*;[14] and *Smith v Elenges*.[15]  The Court of Appeals wrote: "[T]he appraisal process was effectively an arbitration, and an order or judgment entered pursuant to an arbitration or settlement is not a 'verdict' within the meaning of MCR 2.403(O)(2)(c) . . . [T]he trial court properly denied plaintiff's request for case evaluation sanctions."[16]

---

[9] *Id*. at 561 (citations and quotation marks omitted).

[10] *Id*. at 562 (citations and quotation marks omitted).

[11] *Id*.

[12] *Id*. at 562-563.

[13] *Jerico Constr, Inc v Quadrants, Inc*, 257 Mich App 22, 666 NW2d 310 (2003).

[14] *Saint George Greek Orthodox Church of Southgate, Mich v Laupmanis Assoc*, 204 Mich App 278, 514 NW2d 516 (1994).

[15] *Smith v Elenges*, 156 Mich App 260, 401 NW2d 342 (1986).

[16] *Acorn*, 298 Mich App at 564.

7

With regard to debris-removal expenses, the Court of Appeals reasoned that

[i]ssues involving an insurance policy's coverage are generally for the court to determine, and the appraisal process cannot legally settle coverage issues. Where the parties cannot agree on coverage, a court is to determine coverage in a declaratory action before an appraisal of the damage to the property.[17]

It further stated that a party

waive[s] its coverage-based challenge and [is] bound by the appraisal award absent bad faith, fraud, misconduct, or manifest mistake when the parties stipulate[ ] to submit the plaintiff's claim for appraisal without first seeking court intervention to determine coverage issues.

Here, plaintiff erroneously characterizes its argument regarding debris-removal expenses as a coverage issue and contends that the trial court, rather than the appraisal panel, should have determined the issue. To the contrary, defendant did not assert that debris-removal expenses were not covered under the policy. Rather, it appears that the case proceeded through the appraisal process without plaintiff raising the issue of debris removal expenses. In a letter accompanying the appraisal award, [the] appraiser . . . stated that "no allowance was made for debris removal, as no evidence ha[d] been presented that the insured incurred any debris removal expense." Thus, the appraisal panel would have addressed debris-removal expenses if plaintiff had submitted evidence showing that it had incurred debris-removal costs. While plaintiff contends that it did not incur such costs until after the appraisal proceedings, it is noteworthy that the appraisal award was issued on September 17, 2010, and the fire occurred on May 27, 2007. By submitting its case for appraisal and proceeding through the appraisal process without raising the issue of debris-removal expenses, plaintiff waived its claim for such expenses.[18]

Acorn filed an application for leave to appeal in this Court. We directed the Clerk to schedule oral argument about whether to grant the application or take other action

---

[17]*Id*. (citations and quotation marks omitted).

[18] *Id*. at 564-565 (fifth alteration in original), citing *Angott v Chubb Group of Ins Cos*, 270 Mich App 465, 473-474, 717 NW2d 341 (2006).

8

pursuant to MCR 7.302(H)(1) with regard to whether the judgment amounted to a "verdict" that entitled Acorn to case evaluation costs under MCR 2.403(O)(2)(c).[19]

## II. STANDARD OF REVIEW

Whether Acorn is entitled to case evaluation costs depends on our interpretation of a court rule. The interpretation of a court rule is an issue that this Court reviews de novo.[20]

## III. ANALYSIS

## A. CONTROLLING LAW

Whether Acorn is entitled to actual costs because Michigan Basic rejected the case evaluation is determined by MCR 2.403(O). MCR 2.403(O)(1) states, in relevant part:

> If a party has rejected an evaluation and the action proceeds to verdict, that party must pay the opposing party's actual costs unless the verdict is more favorable to the rejecting party than the case evaluation.

MCR 2.403(O)(2) defines the meaning of the word "verdict":

> For the purpose of this rule "verdict" includes,
>
> (a) a jury verdict,
>
> (b) a judgment by the court after a nonjury trial,
>
> (c) a judgment entered as a result of a ruling on a motion after rejection of the case evaluation.

---

[19] As mentioned, the Court did not request that the parties address whether the circuit court should have awarded Acorn debris-removal expenses.

[20] *People v Burns*, 494 Mich 104, 110; 832 NW2d 738 (2013).

Despite the strong terminology in MCR 2.403(O)(1), stating that the party rejecting the case evaluation "*must* pay the opposing party's actual costs,"[21] the court retains discretion regarding whether to award costs in certain circumstances. MCR 2.403(O)(11) states that "[i]f the 'verdict' is the result of a motion as provided by subrule (O)(2)(c), the court may, in the interest of justice, refuse to award actual costs."

Under MCL 500.2833(1)(m), Michigan fire insurance policies contain the following provision:

> That if the insured and insurer fail to agree on the actual cash value or amount of the loss, either party may make a written demand that the amount of the loss or the actual cash value be set by appraisal.

It is undisputed that Michigan Basic rejected the case evaluation and that the outcome of the appraisal proceeding, even without the court adding interest, was more favorable to Acorn than the case evaluation. The parties further agree that Acorn is not entitled to actual costs under either MCR 2.403(O)(2)(a) or (b). The dispute is whether Acorn may be awarded costs under MCR 2.403(O)(2)(c).

To aid our comprehension of MCR 2.403(O)(1) and (2), we substitute the definition of "verdict" from subrule (O)(2)(c) (*italicized*) for the term "verdict" in subrule (O)(1). The resulting rule states as follows:

> If a party has rejected an evaluation and the action proceeds to *a judgment entered as a result of a ruling on a motion after rejection of the case evaluation*, that party must pay the opposing party's actual costs unless the verdict is more favorable to the rejecting party than the case evaluation.

---

[21] Emphasis added.

Under this rule, Michigan Basic is liable for Acorn's actual costs if: (1) the action proceeded to a judgment, (2) the judgment entered as a result of a ruling on a motion, and (3) the judgment occurred after Michigan Basic rejected the case evaluation.

## B. APPLICATION OF CONTROLLING LAW TO FACTS

Court rules are interpreted using the same principles that govern the interpretation of statutes.[22] When ascertaining the meaning of a court rule, the reviewing court should focus first on the plain language of the rule in question, and when the language of the rule is unambiguous, it must be enforced as written.[23]

In this case, under the plain meaning of the court rule, Michigan Basic is liable for Acorn's actual costs. All the elements of the three-part test have been satisfied. First, the action "proceeded to a judgment" when the circuit court granted Acorn's motion for entry of judgment and interest. Second, the judgment "entered as a result" of the court's ruling on a motion—here, the motion for entry of judgment and interest. Third, the court entered the judgment after Michigan Basic rejected the case evaluation.

Michigan Basic disputes that the judgment was entered as a result of a judge's ruling on a motion. Relying on this Court's opinion in *Haliw v Sterling Hts*,[24] Michigan Basic argues that the rule contemplates resolution of the case by a dispositive motion in

---

[22] *Marketos v American Employers Ins Co*, 465 Mich 407, 412-413; 633 NW2d 371 (2001).

[23] *Fisher Sand & Gravel Co v Neal A Sweebe, Inc*, 494 Mich 543, 560; 837 NW2d 244 (2013).

[24] *Haliw v Sterling Hts*, 471 Mich 700, 708, 691 NW2d 753 (2005).

11

lieu of a trial. Michigan Basic claims that, in contrast, the parties in this case agreed to resolve the issue of damages through the appraisal process. Further, Michigan Basic maintains that Acorn's motion for entry of judgment and interest was not required for judgment to enter.

Michigan Basic is correct that the case was not resolved as a result of the circuit court's ruling on a motion for summary disposition. This fact, however, is immaterial because the case nonetheless was resolved by a ruling on a different motion—the motion for entry of judgment.

We also disagree with Michigan Basic's contention that the motion for entry of judgment and interest was not necessary for judgment to enter. MCR 2.403(O)(1) and (2)(c) require that "the action proceed[ ] to" a "*judgment* entered as a result of a ruling on a motion." A "judgment" is "[a] court's final determination of the rights and obligations of the parties in a case."[25] In this case it was the court, not the appraisal panel, that made the final determination of the parties' rights and obligations. Even if Michigan Basic had immediately paid the appraisal panel's award, the circuit court would still have had matters to attend to, including awarding interest under MCL 500.2006 for defendant's failure to pay in a timely fashion.[26] Therefore, the circuit court, not the appraisal panel, determined and entered the judgment.

---

[25] See *Black's Law Dictionary* (9th ed 2009).

[26] See also, e.g., *Marketos*, 465 Mich at 407 (stating that, for the purposes of awarding sanctions under MCR 2.403(O), a "verdict" "must represent a finding of the amount that the prevailing party should be awarded," and the "dollar amount that the jury includes on the verdict form may or may not be the 'verdict' for that purpose"). Cf *Jacobs v Schmidt*, 231 Mich 200; 203 NW 845 (1925) (explaining the difference between arbitration and

Additionally, submitting the case to the appraisal panel to determine the amount of loss did not constitute a settlement. The circuit court retained the ability to overturn the appraisal panel's award if the panel acted in bad faith, engaged in fraud or misconduct, or made a manifest mistake.[27] For example, in this case, the circuit court ordered that the appraisal panel determine Acorn's loss by subtracting depreciation from replacement cost. Had the appraisal panel deviated from this formula when calculating the loss, the circuit court arguably could have overturned the appraisal award for bad faith or manifest mistake. Therefore, the court retained jurisdiction over the case and the award, and it entered a judgment as a result of its ruling on the motion for entry of judgment and interest.

Defendant's argument that *Haliw* requires a dispositive motion before case evaluation costs are awarded is also incorrect. Though this Court considered the meaning of MCR 2.403(O) in *Haliw*, that case is not directly on point because it addressed whether the term "costs" in MCR 2.403(O) includes appellate attorney fees.[28] However, while making that determination, we noted that the 1997 amendment of the court rule in MCR 2.403(O)(1) made clear that a "verdict" includes a judgment entered by dispositive motion:[29]

---

appraisal, noting that, in appraisals, the sole function is to determine value, whereas in arbitration the function is to "adjust disputed claims between the parties").

[27] See *Angott*, 270 Mich App at 473.

[28] *Haliw*, 471 Mich at 702.

[29] The 1997 amendment of MCR 2.403(O) changed the phrase "proceeds to trial" to "proceeds to verdict" in MCR 2.403(O)(1). See *id.* at 708.

13

Until this Court amended MCR 2.403(O) in 1997, it was sufficiently unclear whether a judgment that entered as a result of a dispositive motion instead of a trial would engender sanctions [now called "costs"]. By amending the court rule, this Court clarified that case evaluation sanctions may indeed be available when a case is resolved after case evaluation by a dispositive motion.[30]

While *Haliw* involved an entry of judgment after a dispositive motion, and though we used the term "dispositive motion" when resolving *Haliw,* we clarify that *Haliw* does not *require* a dispositive motion before case evaluation costs are awarded. *Haliw* merely indicated that dispositive motions were now covered by the modified case evaluation rule. It did not hold that only such motions were covered. The plain language of the rule merely requires that "judgment enter[ ] as a result of a ruling on a *motion*."[31]

We now turn to a discussion of the Court of Appeal's reasoning. The Court of Appeals erroneously relied on four cases for its holding that Acorn is not entitled to case evaluation costs: *Jerico,*[32] *Saint George Greek Orthodox Church,*[33] *Auto-Owners Ins Co v Kwaiser,*[34] and *Smith.*[35] Some of these cases are inapplicable because they offer

---

[30] *Id*.

[31] MCR 2.403(O)(2)(c) (emphasis added).

[32] *Jerico*, 257 Mich App 22. The Court of Appeals cited *Jerico* for the proposition that a stipulated order of dismissal entered on the basis of a settlement agreement does not constitute a verdict under MCR 2.403(O)(2). *Acorn*, 298 Mich App at 563.

[33] *Saint George*, 204 Mich App 278. The Court of Appeals cited *Saint George* for the proposition that mediation sanctions could not be awarded under a prior version of MCR 2.403. *Acorn*, 298 Mich App at 562.

[34] *Auto-Owners Ins Co v Kwaiser*, 190 Mich App 482, 476 NW2d 467 (1991). The Court of Appeals cited *Kwaiser* for the proposition that an appraisal effectively constitutes arbitration. *Acorn*, 298 Mich App at 564.

[35] *Smith*, 156 Mich App 260. The Court of Appeals cited *Smith* for the proposition that a

14

interpretations of an earlier version of the court rule and are no longer controlling.  Others are merely inapposite.

We conclude that the Court of Appeals' reliance on *Smith* was misplaced because it relied on a different court rule.  *Smith* is a 1986 case that held that a consent judgment entered into after was not a "verdict."  *Smith* refers to the Wayne Circuit Court Rule 403.15(c), which provided:

> When the board's evaluation is unanimous, and the defendant accepts the evaluation but the plaintiff rejects it and the matter proceeds to trial, the plaintiff must obtain a verdict in an amount which, when interest on the amount and assessable costs from the date of filing of the complaint to the date of the mediation evaluation are added, is more than 10 percent greater than the board's evaluation in order to avoid the payment of actual costs to the defendant.

We note that the above rule did not specifically define the term "verdict," as the current rule does.  Futhermore, a consent judgment is not the kind of "judgment" required by MCR 2.403(O)(2)(c) because the court does not "determine . . . the rights and obligations of the parties" in a consent judgment.[36]  Rather, a consent judgment is a "settlement" or a "contract" "that becomes a court judgment when the judge sanctions it."[37]

Likewise, the Court of Appeals was incorrect to rely on *Saint George*, a 1994 case that relied on the 1987 version of the court rule.  At the time *Saint George* was decided, MCR 2.403(O) stated:

---

consent judgment was not a verdict.  *Acorn*, 298 Mich App at 563**.**

[36] See *Black's Law Dictionary* (9th ed 2009) (defining "judgment").

[37] *Black's Law Dictionary* (9th ed 2009) (defining "consent judgment" as "agreed judgment").

15

(1) If a party has rejected an evaluation and the action *proceeds to trial*, that party must pay the opposing party's actual costs unless the *verdict* is more favorable to the rejecting party than the mediation evaluation. However, if the opposing party has also rejected the evaluation, a party is entitled to costs only if the verdict is more favorable to that party than the mediation evaluation.

(2) For the purpose of this rule "verdict" includes,

(a) a jury verdict,

(b) a judgment by the court after a nonjury trial,

(c) a judgment entered as a result of a ruling on a motion filed after mediation.  [Emphasis added.][38]

In *Saint George*, the Court of Appeals refused to award sanctions, holding that when a case first proceeds in mediation evaluation and then proceeds to arbitration, the process cannot satisfy the "proceeds to trial language" found in MCR 2.403(O)(1).[39]  Because *Saint George*'s holding is based on language that has been removed from the present MCR 2.403(O)(1), we do not believe that its precedent is persuasive.

We conclude that the Court of Appeals' reliance on *Jerico* is misplaced for the same reason that it was incorrect to rely on *Smith*.  *Jerico* held that a stipulated order of dismissal that the court entered on the basis of a settlement agreement did not constitute a verdict under MCR 2.403.[40]  But *Jerico*'s holding does not extend to this case.  A stipulated order of dismissal based on a settlement agreement is not a "judgment" in the sense that it is not a final determination by the *court* of the rights and obligations of the

---

[38] *Saint George*, 204 Mich App at 281-282.

[39] 204 Mich App at 283.

[40] *Jerico*, 257 Mich App at 31.

16

parties.[41] In this case, there was neither a settlement agreement nor a stipulated order of dismissal. And though the parties proceeded to appraisal, the ultimate appraisal award did not constitute the entire judgment. The parties had not settled at the time that Acorn filed its motion for entry of judgment and interest because they were still in dispute with regard to the proper award. That is, Acorn still believed that it was entitled to debris-removal expenses, which Michigan Basic disputed. Thus the circuit court, not the appraisal panel, entered the judgment required to satisfy MCR 2.403(O)(2)(c). Accordingly, the Court of Appeals erred by concluding that *Jerico* compels the conclusion that the appraisal was akin to a settlement agreement or a stipulated order of dismissal and thus did not constitute a verdict under MCR 2.403.

Finally, the Court of Appeals' reliance on *Kwaiser* is misplaced because *Kwaiser* did not involve case evaluation costs and, thus, did not address the meaning of the term "verdict" within MCR 2.403(O)(2)(c). The *Kwaiser* Court noted that appraisal effectively constitutes arbitration.[42] Michigan Basic argues that this means that an order of judgment following an appraisal cannot be a verdict, particularly in light of holdings from previous caselaw from the Court of Appeals, such as *Saint George*. However, Michigan Basic's argument does not necessarily follow from *Kwaiser* because, as previously stated, *Saint George* is not dispositive, and in this case we are asked to determine a different issue than what was before the Court in *Kwaiser*: whether "a judgment entered as a result of a ruling on a motion after rejection of the case

---

[41] See *Black's Law Dictionary* (9th ed 2009) (defining "judgment").

[42] *Kwaiser*, 190 Mich App at 486.

17

evaluation." MCR 2.403(O)(2)(c). Here, there was no final determination of the rights and obligations of the parties after appraisal because the court would have been able to review the appraisal award for bad faith, fraud, misconduct, and manifest mistake.[43] If the appraisal panel had not followed the court's method for calculating damages, this would arguably have been bad faith or manifest mistake. Furthermore, the court added to the appraisal award by adding interest and thereby determining the full amount of the verdict. Judgment against Acorn did not enter until Acorn's rights and liabilities had been finally determined, and this did not occur until the court ruled on the motion for entry of judgment and interest. Michigan Basic's argument from analogy fails to focus on what entity enters the judgment. It was the circuit court, not the appraisal panel, that did so.

## IV. DEBRIS-REMOVAL EXPENSES

In its motion for leave to appeal, Acorn argued that it was entitled to debris-removal expenses under the contract and that either the appraisal panel or the circuit court should have awarded them. Michigan Basic contends that Acorn waived its right to debris-removal expenses by failing to present evidence of them at the appraisal proceeding or raise the issue of jurisdiction in the circuit court before appraisal.

A "waiver is the intentional relinquishment or abandonment of a known right."[44] There is no question that the Policy required compensation for debris-removal expenses. Under its "Incidental Coverages" section, the Policy states:

---

[43] See *Angott*, 270 Mich App at 472.

[44] *People v Vaughn*, 491 Mich 642, 663; 821 NW2d 288 (2012) (citations and quotation

18

Debris Removal – We pay for the cost to remove the debris of covered property after an insured loss. . . .

We will not pay more for direct loss to property and debris removal combined than the limit that applies to the damaged property. However when the covered loss plus the cost of debris removal is more than the applicable limit, we will pay up to an extra 5% of the applicable limit to cover the cost of debris removal.

MCL 500.2833(1)(m) requires that every insurance policy in Michigan contain the following provision: "That if the insured and insurer fail to agree on the actual cash value or amount of the loss, either party may make a written demand that the amount of the loss or the actual cash value be set by appraisal." Acorn claims that MCL 500.2833(1)(m) only governs actual losses, not the cost of removing debris. Furthermore, Acorn argues that the circuit court's May 20, 2010 order made it impossible for the appraisal panel to determine the cost of debris removal because the panel was limited to determining losses in a particular way that would have excluded debris-removal expenses. That order stated:

IT IS FURTHER ORDERED that the parties and the Appraisal Panel are limited to a determination of actual cash value that is consistent with the Court's prior Order *in Limine* and only evidence of replacement cost less depreciation may be considered by the Panel in rendering its Award.

We conclude that Acorn presents a colorable argument that it did not waive its right to collect debris-removal expenses at the appraisal proceeding. Debris-removal expenses were not mentioned in the circuit's court order permitting the parties to proceed to appraisal. Neither would it have made sense for the appraisal panel to determine the amount of debris-removal expenses by engaging in a calculation of "replacement cost

marks omitted).

19

less depreciation." But Acorn did request debris-removal expenses alongside its motion for entry of judgment and interest.

Because the trial court did not set forth its reasons for denying debris-removal expenses, it is unclear whether those costs were denied because Acorn waived its claim for them by not requesting them before the appraisal panel or whether they were properly denied on other grounds, such as forfeiture.[45] Therefore, we vacate the decision of the Court of Appeals and remand the issue of debris-removal expenses to the circuit court to determine (1) whether the appraisal panel had the ability under MCL 500.2833 to determine debris-removal expenses, (2) if the appraisal panel did have the authority to determine debris-removal expenses, whether it erred in failing to award such expenses, and (3) if the appraisal panel did not have the authority to determine debris-removal expenses, whether Acorn waived or forfeited its claim to debris-removal expenses.

## V. CONCLUSION

Acorn may recover its actual costs under MCR 2.403(O)(2)(c) because the motion for entry of judgment and interest caused the case to "proceed to verdict" when the circuit court ruled on the motion. Because the circuit court has the discretion to award such costs to Acorn,[46] we reverse the Court of Appeals and remand the case to the circuit court for further proceedings. Additionally, we remand to the circuit court for a determination

---

[45] Forfeiture, "the failure to assert a right," is distinguishable from waiver. *Vaughn*, 491 Mich at 663.

[46] See MCR 2.403(O)(1); MCR 2.403(O)(11).

whether Acorn is entitled to recover debris-removal expenses in accordance with Part IV of this opinion.  We do not retain jurisdiction.

Brian K. Zahra
Robert P. Young, Jr.
Stephen J. Markman
Mary Beth Kelly
Bridget M. McCormack
David F. Viviano

STATE OF MICHIGAN

SUPREME COURT

ACORN INVESTMENT CO.,

Plaintiff-Appellant,

v                                                        No. 146452

MICHIGAN BASIC PROPERTY
INSURANCE ASSOCIATION,

Defendant-Appellee.

_____

CAVANAGH, J. (*concurring*).

I concur with the majority's decision to reverse the Court of Appeals and remand for further proceedings consistent with the majority opinion. The primary issue in this case is whether there was a "verdict" for purposes of case evaluation costs under MCR 2.403(O).

In this case, Acorn Investment Company (Acorn) filed suit after Michigan Basic Property Insurance Association (Michigan Basic) denied Acorn's claim. After both parties' motions for summary disposition were denied, the case was submitted to case evaluation, resulting in an award in Acorn's favor, which Acorn accepted but Michigan Basic rejected. Accordingly, the action proceeded. Subsequently, Acorn and Michigan Basic again moved for summary disposition. The trial court denied Michigan Basic's motion but granted Acorn's motion, effectively leaving only the issue of damages in dispute and ultimately leading to entry of a judgment in Acorn's favor.

Under the circumstances of this case, I agree with the majority that there was a "verdict" for purposes of MCR 2.403(O)(2) when a judgment entered *as a result of* a ruling on a motion after case evaluation. I also agree with the majority's determination that the Court of Appeals erred insofar as it focused its analysis on caselaw, such as *Saint George Greek Orthodox Church of Southgate, Mich v Laupmanis Assocs, PC*, 204 Mich App 278; 514 NW2d 516 (1994), that is inapposite or interpreted previous versions of the court rule. Finally, I note that the possibility of actual costs in cases such as this does not necessarily run afoul of the purpose of the court rule, as Michigan Basic's arguments imply. The court rule is not intended to punish parties; instead, the court rule seeks to expedite and promote the settlement of cases by shifting the financial burden of paying actual costs to the party that imprudently rejected the proposed case evaluation award. See *McAuley v Gen Motors Corp*, 457 Mich 513, 523; 578 NW2d 282 (1998); *Dessart v Burak*, 252 Mich App 490, 498; 652 NW2d 669 (2002). In this case, although Michigan Basic argues that its decision not to contest the appraisal panel's determination regarding Acorn's losses frees it from potential responsibility regarding actual costs, Michigan Basic nevertheless rejected the proposed case evaluation award in Acorn's favor, contested its liability until the trial court granted Acorn's motion for summary disposition, and otherwise protracted the proceedings contrary to the aim of the rule. Accordingly, I concur with the majority's decision to reverse the Court of Appeals and remand for further proceedings, including whether it is in the interest of justice to refuse to award actual costs under MCR 2.403(O)(11).

Michael F. Cavanagh