# STATE OF MICHIGAN

# COURT OF APPEALS

In the Matter of A. Rinehart, Minor.

UNPUBLISHED
November 18, 2014

No. 316905
Ingham Circuit Court
Family Division
LC No. 11-001795-NA

## ON RECONSIDERATION

Before: FITZGERALD, P.J., and SAAD and WHITBECK, JJ.

PER CURIAM.

Respondent appeals the trial court's order that terminated his parental rights pursuant to MCL 712A.19b(3)(g). For the reasons stated below, we reverse and remand for proceedings consistent with this opinion.

## I. STANDARD OF REVIEW

When a trial court terminates parental rights, its findings are reviewed for clear error. See MCR 3.977(K); *In re Rood*, 483 Mich 73, 90; 763 NW2d 587 (2009). "[T]he preponderance of the evidence standard applies to the best-interest determination." *In re Moss*, 301 Mich App 76, 83; 836 NW2d 182 (2013).

"'A finding is 'clearly erroneous' [if] although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been made.'" *In re Rood*, 483 Mich at 91, quoting *In re Miller*, 433 Mich 331, 337; 445 NW2d 161 (1989). We must give regard "to the special opportunity of the trial court to judge the credibility of the witnesses who appeared before it." *In re Ellis*, 294 Mich App 30, 33; 817 NW2d 111 (2011).

"Only one statutory ground need be established by clear and convincing evidence to terminate a respondent's parental rights, even if the court erroneously found sufficient evidence under other statutory grounds." *Ellis*, 294 Mich App at 32. We review de novo a trial court's interpretation of statutes and court rules. *In re Mason*, 486 Mich 142, 152; 782 NW2d 747 (2010).

-1-

## II. ANALYSIS

MCL 712A.19b(3)(g) allows a trial court to terminate a respondent's parental rights when: "[t]he parent, without regard to intent, fails to provide proper care or custody for the child and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age." Here, the trial court properly found clear and convincing evidence to terminate Ross's parental rights under this subsection of the statute. The evidence clearly showed that over a period of years, Ross, without regard to intent, failed to provide proper care and custody for his child. He acknowledged at trial that he had not seen the child in four or five years. In addition, he has been incarcerated since 2011, and his maximum discharge date is 2026.[1] Testimony revealed that the child did not have a relationship with her father, and that Ross has been in prison or county jail for most of her life.

Because Ross is unable to demonstrate that the trial court improperly terminated his rights under MCL 712A.19b(3)(g), he makes a number of procedural claims on appeal, including that the trial court: (1) violated his constitutional rights by applying the "one parent doctrine"; and (2) erred by not providing him with an attorney at an early stage of the proceedings.

### A. THE ONE PARENT DOCTRINE

Child protective proceedings have two stages: an adjudicative phase and a dispositional phase. *In re Brock*, 442 Mich 101, 108; 499 NW2d 752 (1993). "Generally a court determines whether it can take jurisdiction over the child . . . during the adjudicative phase. Once the court has jurisdiction, it determines during the dispositional phase what course of action will ensure the child's safety and well being." *In re Sanders*, 495 Mich 349, 404; 852 NW2d 524 (2014) (citations omitted). "In cases in which jurisdiction has been established by adjudication of only *one* parent, the one-parent doctrine allows the court to then enter dispositional orders affecting the parental rights of *both* parents." *Id*. at 407 (emphasis in original). See also *In re CR*, 250 Mich App 185, 205–206; 646 NW2d 506 (2001).

In other words, "the one-parent doctrine permits courts to obtain jurisdiction over a child on the basis of the adjudication of either parent and then proceed to the dispositional phase with respect to both parents." *In re Sanders*, 495 Mich at 408. And in *Sanders*, the Michigan Supreme Court recently held that the one-parent doctrine deprives the unadjudicated parent's right to due process. *Id*. at 401.

"[D]ue process requires that every parent receive an adjudication hearing before the state can interfere with his or her parental rights." *Id*. at 415. Dispositional hearings are not constitutionally adequate to protect the parent's due process rights. See *Id*.. The trial court may not order a parent to participate in a dispositional plan before the parent receives an adjudication. See *Id*. at 421-422.

---

[1] According to Michigan's Offender Tracking Information System (OTIS), Ross was paroled on July 30, 2014. < http://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=750225 >

Here, though he contested the termination of his parental rights at the dispositional proceeding, respondent did not receive his own adjudicative hearing. The trial court based its jurisdiction over the child on the basis of the adjudicative hearing on the mother's parental rights. Accordingly, under *Sanders* the trial court must hold an adjudicative proceeding for respondent to determine whether his actions or inactions under MCL 712A.2(b) warrant the exercise of the state's *parens patriae* authority over his child. *Id*. at 401, 422.

## B. RESPONDENT'S ATTORNEY

A respondent in an abuse and neglect proceeding has the right to an attorney. *In re Hudson*, 483 Mich 928, 932; 763 NW2d 618 (2009); MCL 712A.17c(4) and c(5); MCR 3.915(B)(1); see also *Lassiter v Dep't of Social Serv*, 452 US 18, 31–32; 101 S Ct 2153; 68 L Ed 2d 640 (1981). Ross failed to preserve this issue, so we review it for plain error affecting his substantial rights. *Hudson*, 483 Mich at 931.

Here, Ross alleges that the trial court did not provide him with an attorney sufficiently early in the proceedings. This assertion is untrue—as soon as respondent indicated that he wanted to contest the termination, the trial court appointed an attorney for him. The appointment took place one month prior to trial, which gave the lawyer ample opportunity for preparation. The trial court thus properly provided him with an attorney and his claim is without merit.

## III. CONCLUSION

The Michigan Supreme Court's invalidation of the one-parent doctrine, made after the trial court issued its order, requires that the trial court hold an adjudicative hearing for respondent with respect to his fitness as a parent. We accordingly reverse the order and remand.

Reversed and remanded. We do not retain jurisdiction.

/s/ E. Thomas Fitzgerald
/s/ Henry William Saad
/s/ William C. Whitbeck